1  Frederick G. Herold (State Bar No. 229239)
   frederick.herold@dechert.com
2  DECHERT LLP
   2440 W. El Camino Real, Suite 700
3  Mountain View, CA 94040
   Telephone:     650.813.4930
4  Facsimile:     650.813.4848

5  Attorneys for Plaintiffs
   MICROSOFT CORPORATION
6  and MICROSOFT LICENSING, GP

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11  _____ )
                                      )    Case No. _____
12  MICROSOFT CORPORATION and         )
    MICROSOFT LICENSING, GP,          )    **COMPLAINT**
13                                    )
                      Plaintiffs,     )
14                                    )
                                      )
15           v.                       )
                                      )
16  HON HAI PRECISION INDUSTRY CO.,   )
    LTD., trading as FOXCONN TECHNOLOGY )  JURY TRIAL DEMANDED
17  GROUP,                            )
                                      )
18                    Defendant.      )
                                      )
19  _____ )

20

21      Plaintiffs Microsoft Corporation and Microsoft Licensing, GP (collectively referred to

22  hereinafter as "Microsoft"), by and through their attorneys, for their Complaint against Defendant

23  Hon Hai Precision Industry Co., Ltd., trading as Foxconn Technology Group (hereinafter "Hon

24  Hai"), alleges as follows:

25                          **NATURE OF THE ACTION**

26      1.     This is an action for breach of a contract negotiated at arm's length between

27  sophisticated corporations, necessitated because one of those corporations, defendant Hon Hai, has

28  refused to honor its basic contractual commitments.

1

2.     Microsoft is a worldwide leader in computer software, services, and solutions for businesses and consumers.  Among other things, it develops and licenses operating systems and other software for a broad array of computing devices.

3.     Hon Hai, also known as Foxconn, is the world's largest electronics contract manufacturing company.  A Taiwanese corporation with factories in mainland China (as well as elsewhere), Hon Hai engages in the manufacture, assembly and sale of electronic equipment and products for the computer, communication, and consumer industries.

4.     Microsoft and its subsidiaries have developed many innovative technologies used in computers, tablets and other devices, including such devices manufactured by Hon Hai for its brand name customers.  Microsoft has made these technologies available for many years through licensing agreements with dozens of companies, including contract device manufacturers like Hon Hai, Quanta, Pegatron and Compal.

5.     On April 1, 2013, Microsoft and Hon Hai agreed to a "Confidential Patent License Agreement" (referred to herein as the "Agreement"), under which Microsoft granted a worldwide patent portfolio license that permitted Hon Hai to (among other things) make, have made, use, sell or otherwise dispose of certain "Covered Products" for a defined period.  A true and correct copy of the Agreement (as amended) is incorporated herein by reference, and will be filed under seal as Exhibit 1 hereto with the Court's permission.  In exchange for the right, beginning on January 1, 2013, to use Microsoft's patented technology, Hon Hai agreed, among other things, to provisions that required it to submit accurate Royalty Reports to Microsoft that provided specific information about Hon Hai's sales of Covered Products on a per-unit basis, to make certain per-device royalty payments to Microsoft for the license term, and to submit to an audit by an independent public accounting firm, if requested by Microsoft, to resolve any contract disputes.

6.     Since 2013, Hon Hai has Sold significant quantities of Covered Products that use Microsoft's patented technology.  Despite its execution of a binding contract, however, Hon Hai has continually failed to honor its obligations under that contract.  For example, for over three years Hon Hai has failed even to submit the Royalty Reports required by the Agreement, and Hon Hai has refused to cooperate with a contractually-required audit by an independent public

2

accountant, all in breach of the Agreement.

7.    Due to Hon Hai's continual refusal to honor the most basic commitments it made in its Agreement with Microsoft, in 2017 Microsoft formally invoked its audit rights under the Agreement.   Pursuant to the Agreement, an independent certified public accounting firm was selected to conduct an audit of Hon Hai's (and its subsidiaries') sales of Covered Products.  Hon Hai, however, refused to provide the auditor with any of the documents and information requested, and refused to grant the auditor access to Hon Hai's principal place of business in order to examine Hon Hai's books and records, as required by the Agreement.   The appointed auditor has therefore been unable to conduct the audit that the Agreement explicitly authorizes.

8.    In March 2018, Microsoft formally invoked the dispute resolution provision of the Agreement.  During negotiations that followed over many months, Hon Hai continued its refusal to allow an audit and refused to provide Microsoft with any information concerning its manufacture or sales of Covered Products or to engage in any way concerning the amount of historical royalties it owed under the Agreement.  Instead of acknowledging its obligations under the Agreement, Hon Hai sought to renegotiate the Agreement.

9.    In light of Hon Hai's perpetual failure to meet its contractual obligations under the Agreement after extensive negotiations between the parties, including in particular its obligation to submit to an independent audit, Microsoft is left with no choice but to file this breach of contract lawsuit, in the jurisdiction chosen by both Hon Hai and Microsoft for resolution of such disputes.

## **PARTIES**

10.    Plaintiff Microsoft Corporation is a Washington corporation, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

11.    Plaintiff Microsoft Licensing, GP, a subsidiary of Microsoft Corporation, is a Nevada general partnership, with its principal place of business at 6100 Neil Road, Suite 100, Reno, Nevada 89511.

12.    Defendant Hon Hai Precision Industry Co., Ltd., trading as Foxconn Technology Group, is a Taiwanese corporation, with its principal place of business at No. 2 Ziyou St., Tucheng Dist., New Taipei City 256, Taiwan (R.O.C.).

3

**JURISDICTION AND VENUE**

13.    The Court has jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, excluding interest and costs, and this action is between Plaintiffs, citizens of the United States, and Defendant, a citizen of Taiwan.

14.    Venue is proper within this District under 28 U.S.C. §§ 1391(b)(3) and (c)(3). Moreover, under Section 7.6 of the Agreement, Hon Hai has irrevocably consented to personal jurisdiction in this forum and has agreed to designate this District as the exclusive venue for resolving claims, such as those at issue here, which concern the validity, construction or performance of the Agreement and over which there is federal diversity jurisdiction.

**GENERAL ALLEGATIONS**

**The Hon Hai/Microsoft Agreement**

15.    Hon Hai has continuously manufactured consumer electronics devices for brand-name companies since before 2010, including in its factories in mainland China.  For the Covered Products at issue here, once the devices are fully assembled and the software is programmed onto the devices by Hon Hai, Hon Hai sends the devices from its facilities to locations designated by its brand-name customer for ultimate sale to consumers.

16.    In 2010, Microsoft and Hon Hai began negotiations concerning a license agreement that would cover, among other things, the use by Hon Hai of Microsoft technology in the "Covered Products" (as ultimately defined in the Agreement).  As is reflected in the executed Agreement, Microsoft agreed to provide Hon Hai with a worldwide license to Microsoft's entire portfolio of patents for the "Covered Products," in exchange for the payment of negotiated per-device royalties by Hon Hai, with negotiated carve-outs to, among other things, prevent the payment of duplicate royalties.  Both Microsoft and Hon Hai, which are highly sophisticated businesses, were represented by skilled counsel throughout the process of negotiating, drafting, and executing the Agreement.  On April 1, 2013, the Agreement was finalized and made effective as of January 1, 2013.

17.    The Agreement requires that, in return for access to Microsoft's proprietary technology, Hon Hai must promptly pay Microsoft certain royalties for each unit of a Covered

4

Product Sold worldwide by Hon Hai or any of its subsidiaries during the term of the Agreement. Agreement §§ 4.2; 4.6; § 1 Definition of "Device Fee."

18.    The Agreement provides that certain categories of devices would be considered "Unlicensed Devices" (as opposed to "Covered Products"), so that Hon Hai would not have to pay a royalty for such devices.  Agreement § 1 (Definitions); § 4.8.  The Agreement also contains provisions to ensure that Hon Hai is not obligated to pay a royalty, or gets a credit against its royalty obligations, if one of Hon Hai's Brand Name Customers has already paid a royalty on a device unit or if such a customer enters into its own appropriate license with Microsoft during the Agreement's term.  Agreement § 4.7.

19.    The Agreement requires Hon Hai to submit to Microsoft a complete and accurate "Royalty Report," certified by an authorized Hon Hai representative, by January 30 and July 30 of each year, in the form attached as Exhibit A to the Agreement.  Agreement § 4.2.2, Exhibit A, and § 1 Definition of "Royalty Period."  Each semi-annual Royalty Report must include complete and accurate information specifically delineated in Section 4.2.2 of the Agreement and its Exhibit A, including: (a) the number of units Sold in each category of Covered Products during the Royalty Period, (b) the applicable Device Fees, (c) information needed to identify the units' brand names, models and price ranges, (d) identification of which, if any, of the units fell into each category of "Unlicensed Devices" so that no royalty (or a royalty based only on a percentage of the units) was owed, (e) the total amount of royalties owed for the Royalty Period (the "Royalty Due"), (f) any applicable credits, and (g) the "Total Amount Due."  Hon Hai continuously and repeatedly breached its contractual reporting obligations.

20.    The Agreement requires Hon Hai and its subsidiaries to keep and maintain books and records of all information necessary to support Hon Hai's compliance with the Agreement, including all information needed to complete and submit accurate Royalty Reports (referred-to as the "Audit Information").  Agreement § 4.2.3.

21.    In addition, the Agreement gives Microsoft the right to audit Hon Hai's compliance with the Agreement, including compliance with the Agreement's reporting obligations and its royalty payment obligations.  If Microsoft requests an audit (which it has repeatedly done), the

Agreement requires Hon Hai to provide an independent certified public accounting firm, upon execution of a non-disclosure agreement, with full access to all Audit Information (including certain raw data), as well as access to Hon Hai's principal place of business in Taiwan for the conduct of the audit.  Agreement § 4.2.4 and 4.2.5.  The Agreement further provides that if the audit reveals an underpayment by Hon Hai, then Hon Hai "shall" pay Microsoft the amount of the underpayment, together with interest, within 60 days of the date of the Auditors' report.  Agreement § 4.2.5.

22.     The Agreement contains a binding integration clause, a clause that precludes modifications unless by a signed writing (with one exception inapplicable to this litigation), and a clause that states that failure by a party to enforce any provision of the Agreement shall not be deemed a waiver of future enforcement of that provision.  Agreement § 7.3.

23.     The Agreement contains a Dispute Resolution clause, which requires that before either party files a lawsuit, it must seek to negotiate the dispute in good faith, provide an "Escalation Notice," and negotiate for thirty days thereafter.  During 2017 and early 2018, Microsoft unsuccessfully sought to persuade Hon Hai to file Royalty Reports and submit to an audit as required.  On March 21, 2018, Microsoft sent Hon Hai a formal "Escalation Notice," thereafter met by phone with a designated Hon Hai representative, and thereafter continued unsuccessfully, for a period of many months, to try to resolve this dispute.  Microsoft has satisfied the escalation requirements of the Agreement.

### Hon Hai's Repeated Breaches of the Agreement

24.     Hon Hai has breached the Agreement in multiple ways over an extended period of time.  Those breaches have included, among other breaches, Hon Hai's submission of inaccurate Royalty Reports for the 2014 Royalty Periods, as well as its failure to submit any Royalty Reports to Microsoft for any of the 2015, 2016, 2017 or 2018 Royalty Periods, leading to Hon Hai's complete failure to make royalty payments to Microsoft when due.

25.     In light of these multiple breaches of the Agreement, by written notice issued on March 31, 2017 (followed up by several additional notices), Microsoft invoked its right under Section 4.2.4 to conduct an audit of Hon Hai's compliance with the Agreement for the period 2013

6

through June 30, 2017.   After considerable delay, Hon Hai eventually agreed to Microsoft's appointment of Deloitte & Touche ("Deloitte"), a pre-approved certified public accounting firm, to conduct the audit for the designated period.   After considerable additional delay, Hon Hai agreed in October 2017 to a non-disclosure agreement ("NDA") with Deloitte.   On October 16, 2017, Deloitte sent Hon Hai a letter asking that Hon Hai provide Deloitte with (a) a preliminary set of records, reports and other items needed to perform the audit, and (b) dates for Deloitte to conduct on-site fieldwork at Hon Hai's offices.   Despite numerous written and telephonic requests for compliance with its document requests and its on-site fieldwork request, Hon Hai has not produced to Deloitte a single document, or given Deloitte a single date for its on-site fieldwork.   Thus, Hon Hai has failed to permit Deloitte to conduct an audit in the almost two-year period since Microsoft invoked its audit rights under the Agreement.

26.   As noted above, on March 21, 2018, Microsoft sent Hon Hai an Escalation Notice that requested, among other things, that Hon Hai cooperate fully with Deloitte's audit.   Hon Hai has continued its refusal to do so to this date.

27.   On May 10, 2018, Microsoft asked Hon Hai to provide Microsoft directly with information that will allow Microsoft to determine the amount of royalties owed under the Agreement for Hon Hai's activities through the end of 2017.   Hon Hai refused, and to this date has failed to provide Microsoft with any such information.

28.   Given Hon Hai's delays and refusals to cooperate with Microsoft's prior audit requests and information requests, a court-ordered audit still may not result in Hon Hai's complete compliance with the audit provisions of the Agreement or its royalty reporting and payment obligations, and may result only in additional delay in Hon Hai's payment of overdue royalties. Court-supervised discovery of Hon Hai's books and records, including document and written discovery and witness examinations under oath, is therefore necessary to ensure Hon Hai's compliance with the Agreement's provisions and to ensure an accurate determination of the Total Amounts Due under the Agreement for each Royalty Period.

7

**COUNT ONE:  BREACH OF CONTRACT**

29.     Microsoft incorporates by reference as if fully set forth herein each of its allegations set forth in Paragraphs 1 to 28 above.

30.     The Agreement is a valid and existing contract between Microsoft and Hon Hai.

31.     Microsoft granted Hon Hai and its subsidiaries valuable rights under the Agreement, and Hon Hai and its subsidiaries have, for years, received the benefit of the Agreement.

32.     Through the conduct described herein, Hon Hai has breached Section 4.2.2 of the Agreement by failing (a) to submit complete and accurate Royalty Reports when due and, (b) to submit any Royalty Reports at all for multiple Royalty Periods, leading to Hon Hai's failure to pay royalties due under the Agreement.

33.     Through the conduct described herein, Hon Hai has breached Section 4.2.3 and 4.2.4 of the Agreement by failing to allow the conduct of an audit, by an independent certified public accounting firm, of Hon Hai's non-compliance with its obligations under the Agreement, thereby preventing the issuance of a binding finding by an auditor of the amount of Hon Hai's underpayment of royalties.

**PRAYER FOR RELIEF**

WHEREFORE, by virtue of the acts complained of above, Microsoft demands judgment in its favor and against Hon Hai:

    a.     ordering immediate specific performance of Hon Hai's obligation to comply with the Royalty Report provisions of the Agreement by submitting complete and accurate Royalty Reports to Microsoft for all Royalty Periods;

    b.     ordering immediate specific performance of Hon Hai's obligation to comply fully with the audit provisions of the Agreement;

    c.     ordering Court-supervised discovery of Hon Hai's books and records, including document and written discovery and witness examinations under oath, in order to ensure Hon Hai's compliance with the Agreement's provisions and to ensure an accurate

1                         determination of the Total Amounts Due under the Agreement for

2                         each Royalty Period;

3          d.       awarding damages in the form of royalty payments and interest as

4                         required by the Agreement, according to the evidence adduced

5                         during the audit process and discovery;

6          e.       awarding costs and disbursements of this action, as well as attorneys'

7                         fees;

8          f.       awarding prejudgment and post-judgment interest; and

9          g.       awarding such other and further relief as this Court may deem just

10                         and proper.

11

12 Dated:   March 8, 2019

13                                      Respectfully submitted,

14                                      DECHERT LLP

15

16                                      By  /s/ *Frederick G. Herold*

Frederick G. Herold (State Bar No. 229239)

17                                      2440 W. El Camino Real, Suite 700

Mountain View, CA 94040

18                                      Tel:  (650) 813-4930

Fax: (650) 813-4848

19                                      Email: frederick.herold@dechert.com

20                                      Attorneys for Plaintiffs

MICROSOFT CORPORATION

21                                      and MICROSOFT LICENSING, GP

22

23

24

25

26

27

28

9