

3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
+1 650 813 4800 Main
+1 650 813 4848 Fax
www.dechert.com

November 1, 2019

**BY ECF**

Hon. Nathanael Cousins
United States Magistrate Judge
United States District Court for the Northern District of California
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:    *Microsoft Corporation et al. v. Hon Hai Precision Industry Co., Ltd.*,
       No. 5:19-cv-01279-LHK-NC

Pursuant to the Court's Standing Order updated March 15, 2019, plaintiff Microsoft and defendant Hon Hai submit the following joint statement regarding a dispute concerning defendant Hon Hai's responses and objections to Microsoft's First Request for Production of Documents dated June 17, 2019 (the "Request").

<u>**Microsoft's Statement**</u>

**I. Introduction:** In April 2013, Microsoft and Hon Hai signed a patent license agreement (the "Agreement") requiring Hon Hai to report and pay royalties on devices using Android software. Hon Hai is one of the largest manufacturers of handheld devices in the world, and based on public data, Hon Hai owes Microsoft hundreds of millions of dollars in royalties. Hon Hai refused to cooperate with an audit, forcing Microsoft to file suit to enforce the agreement. Hon Hai has now refused to produce the basic documents from its accounting system that would allow Microsoft to calculate that royalty. The information is necessary for the case and is crucial for the upcoming mediation on December 3 and the parties' submissions on November 26.

Basic sales information on the number of devices sold, customers and countries of sale is readily available to Hon Hai from its electronic accounting system. For instance, there is no doubt that Hon Hai management could obtain a print out of the number of phones sold in China or the number of tablets sold to customer Huawei with the snap of a finger. This is basic business information stored in electronic form and monitored monthly, if not daily.

Accordingly, Microsoft requests that the Court order Hon Hai to: (i) produce by November 7, sales figures for its Smartphones, General Purpose Consumer Devices and Smart TVs that include the Android/Chrome Platform by geography[1], customer and price; and (ii) produce by November 28 all

---

[1] Country of sale or geography information is requested by Requests 1-3, 9, 11, 25-27; this information is necessary as the Agreement provides for certain exclusions from royalty obligations for products intended for the China market. (See *e.g.*, Compl. Ex. 1 § 1 Definitions, "CO Unit")



Hon. Nathanael Cousins
November 1, 2019
Page 2

"Audit Information" as defined in the Agreement and listed in the auditor's request letter from Deloitte & Touche dated Oct. 16, 2017 to Hon Hai[2], which corresponds to Microsoft Request Nos. 1-3, 4, 9-10, 12, 15-17, 25-30, 34, 35.

**II. Background:**  Under the Agreement, Microsoft granted Hon Hai and its subsidiaries a license to use Microsoft's patented technology.  (*Id.*; Compl. Ex. 1 § 3.1.)  In exchange, Hon Hai agreed, among other things, to pay royalties at contractually defined rates, submit accurate royalty reports, and permit an audit of its compliance with the License Agreement by an independent public accounting firm.  (Compl. Ex. 1 §§ 4.2.1–.4.)  While Hon Hai initially submitted royalty reports in 2014, it has not submitted any royalty reports since 2015, despite its continued exploitation of Microsoft's license. (Compl. ¶ 24.)  Moreover, Microsoft has reason to believe that even the royalty reports Hon Hai submitted in 2014 are inaccurate.  (*Id.*)  Due to Hon Hai's breach of the License Agreement, Microsoft exercised its right to conduct an independent audit in 2017. (Compl. ¶ 25.)  After agreeing to Deloitte & Touche as the auditor and entering into a NDA with them, Hon Hai declined to allow the audit to proceed.  (*Id.*)  Microsoft was forced by Hon Hai's continued intransigence to file this suit in March.  (Compl. ¶ 26.)  Microsoft served the Requests on June 17, and Hon Hai served its responses and objections on July 17.

Following the Court's Aug. 16 Order, on Sep. 3, Microsoft sent a letter detailing Hon Hai's deficiencies in its responses to the Requests and requesting a meet and confer. Hon Hai refused numerous such requests and as the parties were finalizing a joint letter to the Court on Oct. 7, agreed to a meet-and-confer on Oct. 16. Hon Hai served amended responses and objections on Oct. 18 (the "Responses").

**III. Instant Disputes:**  In its Responses, Hon Hai agrees to produce limited information on its sales – the "top-line" sales information on what it unilaterally decides is subject to royalty under the Agreement ("(1) the number of [products] sold by Hon Hai or its Subsidiaries that qualify as Covered Products under the PLA; (2) the brand names and model; and (3) BOM + Labor Cost."). Hon Hai cannot decide for itself what a "Covered Product" is and then refuse to produce documents.  That is how we got here in the first place.  Microsoft is entitled to production of basic sales information so that Microsoft can make its own determination about what devices require a royalty payment.  Indeed, this information is crucial for the mediation.

Hon Hai's position is opaque.  Hon Hai has refused to make clear what it will produce and when it will produce it.  To date, Hon Hai has not produced any sales information – not a single document.  Hon Hai also refuses to produce backup information; the very audit information requested by Deloitte & Touche in its Oct. 2017 letter to Hon Hai to verify and check, *e.g.*, its general ledger or those of its relevant subsidiaries (see Microsoft RFP 4), documents supporting

---

[2] In connection with its audit of Hon Hai, to which Hon Hai initially agreed, Deloitte & Touche sent a 3-page letter requesting certain documents and information "to perform a royalty inspection of amounts payable by Hon Hai Precision Industry Co., Ltd. To Microsoft Corporation." Microsoft would be happy to provide a copy upon the Court's request.



Hon. Nathanael Cousins
November 1, 2019
Page 3

the amounts of any royalty deductions, credits, or exclusions Hon Hai intends to claim (see, e.g., RFPs 9, 10, 12, 25–27), documents supporting a determination of whether devices qualify as Reported Products (see, *e.g.*, RFPs 15–17), documents supporting its calculation of its total royalty obligations under the Agreement (see, *e.g.,* Microsoft RFPs 28, 29, 30); or any subsidiary-level financial statements (see, *e.g.,* Microsoft RFP 35).[3] The Court's order on Aug. 16 removed any doubt that Hon Hai must produce discovery on royalty owed Microsoft. Microsoft has been patient, in an attempt to avoid involving the Court, negotiating with Hon Hai for almost two months for them to produce information that should have been obvious to produce. But Hon Hai has continually delayed this process and has yet to produce a single document to determine the royalty amount owed.

The matter is of great urgency, as it will be impossible to make any headway at the mediation without sales figures. While November 7 is just around the corner, there is no reason why Hon Hai cannot obtain the top line information on its sales by then and then provide the back up by the end of the month. Accordingly, Microsoft requests that the Court order Hon Hai to (i) produce by November 7, sales figures for its Smartphones, General Purpose Consumer Devices and Smart TVs that include the Android/Chrome Platform by geography, customer and price; and (ii) produce by November 28 all "Audit Information" as defined in the Agreement and listed in the auditor's request letter from Deloitte & Touche dated Oct. 16, 2017 to Hon Hai, which corresponds to Microsoft Request Nos. 1-3, 4, 9-10, 12, 15-17, 25-30, 34, 35.

<u>**Hon Hai's Statement**</u>

**I. Introduction:** Microsoft is suing Hon Hai for, among other things, specific enforcement of contractual royalty reporting and audit provisions. Hon Hai disputes Microsoft's entitlement to that relief, and Microsoft's claim has not been adjudicated. Granting Microsoft's motion to compel ("Motion") would thus give Microsoft the ultimate relief that is the subject of this litigation. Indeed, Microsoft seeks to justify the requested discovery based on arguments about what the parties' contract says and what Microsoft's auditor (Deloitte & Touche) asked for in a letter in 2017 ("Deloitte letter"), not what is relevant and discoverable based on the parties' claims and defenses and federal discovery principles. Microsoft thus demands "silver bullet" orders that would bypass and abuse regular discovery process and require production on an unreasonable schedule (within a week).

<u>Microsoft also fails to address any of Hon Hai's objections or timing concerns.</u> Hon Hai is fully prepared to defend the carefully-crafted agreed-production scope presented in its 70-page

---

[3] With regard to Requests 15-17 and 25-27, Hon Hai agrees to produce "top-line" information it decides is subject to royalty - on "Covered Products," not "Reported Products," which have a broader scope, as in the Requests themselves. More fundamentally, the requests call for documents sufficient to support the top-line sale information Hon Hai chooses to report but Hon Hai generally refuses to produce these except for samples of invoices/POs agreed to by Hon Hai as the parties were preparing this joint letter.



Hon. Nathanael Cousins
November 1, 2019
Page 4

response to Microsoft's expansive and complex RFP, but the present joint letter format does not afford the space to do so. Hon Hai requests additional briefing and/or oral argument before the Court considers granting Microsoft's overbroad and draconian production orders.[4]

**II.  Background:**  Of central relevance to this Motion, Hon Hai has a fundamental dispute with Microsoft as to whether the parties' License Agreement is valid and enforceable, recapped here:

Hon Hai entered into the License Agreement with Microsoft reluctantly. (Answer ¶¶ 73, 80-86, ECF No. 51.) A critical aspect of Hon Hai's willingness to enter into the License Agreement was Microsoft's assurances that Hon Hai would face a level competitive playing field, because (1) it was being offered royalty rates comparable to what Microsoft had granted prior licensees, and (2) Microsoft was pursuing, and would continue to pursue, Android patent licenses with Hon Hai's customers (in which case Hon Hai would not owe royalties on its sales to those customers) and competitors. (*Id*. ¶¶ 39-45, 55-59, 64, 73, 88-91, 103.) Otherwise, the high royalty rates would be financially untenable for Hon Hai given its pricing structures and profit margins—especially in China. (*Id*.)

As it turned out, Microsoft's representations were false and its assurances hollow. (*Id*. ¶¶ 47-50, 62-63, 73, 92-95, 100, 104.) Once the Agreement was signed, Microsoft sought to impose high royalties on Hon Hai without providing the support on which Hon Hai was relying to gain the leverage it needed to pass on the royalties to its customers. In view of Microsoft's malfeasance, Hon Hai has denied material allegations in Microsoft's complaint and asserted counterclaims and defenses, such as breach of the implied covenant of good faith and fair dealing and fraudulent inducement. Microsoft should not be allowed to enforce the License Agreement—including its royalty reporting and audit provisions—after breaching its obligations on which Hon Hai's ability to pay royalties depended.

**III.  Instant Dispute:**  Microsoft requests two substantive orders from this Court, both of which are unsupported discovery overreaches grounded in misrepresentations by Microsoft regarding Hon Hai's positions and actions:[5]

---

[4] Just one example of Microsoft's overreach is its request that Hon Hai be ordered to produce sales information (by November 7) which includes "countries of sale" and sales "by geography," even though such geographic data are not even requested in Microsoft's RFP. In its footnote 1, Microsoft cites several RFPs, but none of them mentions geography. Microsoft only identifies China as relevant geography, and Hon Hai has already agreed to produce materials showing which of its Android products were for sale in China. (*See* Amended Response to RFA 11.)

[5] Microsoft cites the December 3 settlement conference scheduled with this Court to justify its rushed production demands. Hon Hai intends to request a postponement because its representative (based in Taiwan) cannot attend on that date due to dental surgery in late November. Hon Hai will present its request once it confirms its representative's availability and discusses the timing with Microsoft.



Microsoft asserts that Hon Hai has "refused to produce basic documents from its accounting system" that would permit a royalty calculation. This is false—Hon Hai has agreed to produce sales data relating to all "Covered Products" sought by Microsoft (RFPs 1-3) subject only to reasonable conditions, including sufficient time for Hon Hai to notify relevant customers and give them an opportunity to protect their confidentiality interests. That process is ongoing.

Microsoft is wrong that Hon Hai has only agreed to produce "'top-line' sales information" on products that "it unilaterally decides is subject to royalty." In fact, Hon Hai has not limited its production commitment to "top-line" documents, and has even committed to producing "sample invoices and/or purchase orders that can be cross-checked against the top-line data/documents." For most "Unlicensed Devices" (non-royalty bearing), such status depends—uncontroversially— on the identity of the customer, not on Hon Hai "decisions" about the applicability of royalties. Hon Hai has further agreed to produce back-up data sufficient to identify "Exempt CO Units."

Microsoft speculates incorrectly about the processes necessary for Hon Hai to obtain the sales information that Microsoft seeks, baselessly imagining that it "is readily available to Hon Hai from its electronic accounting system" and can be obtained "with the snap of a finger." This is false. For example, FIH, not Hon Hai, sells phones in China; FIH is a separate company, independently traded on the Hong Kong Stock Exchange, and Hon Hai does not have access to FIH's financial systems. Although Hon Hai is working with FIH to obtain such data and anticipates they will be provided, this takes time. Regarding Microsoft's interest in "tablets…sold to…Huawei", Microsoft's RFP contains no such discrete request, but instead requests sales data for _all_ Android products since 2013. Obtaining such data requires complex coordination with multiple business groups within Hon Hai and its relevant subsidiaries. Genuine practical obstacles to data/document collection here include the existence of multiple databases in multiple locations, some under the control of custodians who have been difficult to identify, and the existence of historical data that must be separately located. Hon Hai is diligently working through such issues, and Microsoft is flat wrong that the collection process is simple and seamless.

Finally, Microsoft's demand that this Court order production of all "Audit Information" (by November 28) is improper for many reasons. First, Microsoft grounds its demand in the Deloitte letter, which is not even in record, and the License Agreement, over which the parties are still litigating enforceability (including audit rights); indeed, such an order would be broader than a full audit because auditors never require all data/documents but only appropriate sampling. Second, Microsoft omits that Hon Hai has already agreed to produce documents in response to most of the referenced RFP requests (at least RFP 1-3, 15-17, 25-30, 34, 35). Third, Microsoft's demanded order would annul virtually every legitimate objection duly reserved by Hon Hai, including its burden and relevance objections, and conflict with the e-discovery protocol that the parties have yet to negotiate (despite Hon Hai's repeated requests). If this Court is inclined towards such an order, Hon Hai respectfully submits that it must consider Hon Hai's objections on a request-by-request basis by way of additional briefing and/or oral argument.



Hon. Nathanael Cousins
November 1, 2019
Page 6

Respectfully submitted,

/s/ S. Michael Song

    S. Michael Song (State Bar No. 198656)
michael.song@dechert.com

    Ryan T. Banks (State Bar No. 318171)
ryan.banks@dechert.com
DECHERT LLP
3000 El Camino Real, Suite 650
Palo Alto, CA 94306
Telephone:  +1 650 813 4800
Facsimile:  +1 650 813 4848

    Martin J. Black (*pro hac vice*)
martin.black@dechert.com
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone:  +1 215 994 4000
Facsimile:  +1 215 994 2222

    Paul Curran Kingsbery (*pro hac vice*)
paul.kingsbery@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone:  +1 212 698 3500
Facsimile:  +1 212 698 3599

Attorneys for Plaintiffs Microsoft Corporation
and Microsoft Licensing, GP

/s/ Gabriel Gregg

Gabriel G. Gregg (State Bar No. 187333)
gabriel.gregg@rimonlaw.com

Matthew Poppe (State Bar No. 177854)
matthew.poppe@rimonlaw.com
Zheng Liui (State Bar No. 229311)
zheng.liu@rimonlaw.com
Jieshuai Zhou (State Bar No. 323778)
jessie.zhou@rimonlaw.com
RIMON P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

Kendra Orr (State Bar No. 256729)
kendra.orr@rimonlaw.com
RIMON P.C.
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone/Facsimile: (415) 683-5472

Attorneys for Defendant Hon Hai Precision
Industry LTD., trading as Foxconn
Technology