

3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA  94306
+1  650  813  4800  Main
+1  650  813  4848  Fax
www.dechert.com

**S. MICHAEL SONG**

michael.song@dechert.com
+1 650 813 4813  Direct
+1 650 813 4848  Fax

November 6, 2019

**VIA ECF**

Hon. Nathanael Cousins
United States Magistrate Judge
United States District Court for the Northern District of California
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:   *Microsoft Corporation v. Hon Hai Preciscion Industry Co., Ltd.*,
      Case No. 5:19-cv-01279-LHK (N.D. Cal.)

Your Honor:

Pursuant to the Court's request for any additional information on agreements reached, Microsoft files the attached revised proposed order.  After the Hearing, the parties further discussed the requests and potential agreement, and Microsoft agreed to narrow the requests.  We have provided the proposed order to Hon Hai's counsel, who is awaiting consultation with personnel in Asia.  We wanted to provide the status of the discussions by the 5pm Pacific deadline today.

Respectfully submitted,


/s/ S. Michael Song

S. Michael Song (State Bar No. 198656)
michael.song@dechert.com
DECHERT LLP
3000 El Camino Real, Suite 650
Palo Alto, CA 94306
Telephone:      +1 650 813 4800
Facsimile:      +1 650 813 4848

Martin J. Black (*pro hac vice*)
martin.black@dechert.com
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone:      +1 215 994 4000
Facsimile:      +1 215 994 2222


 Attorneys for Plaintiffs Microsoft Corporation
 and Microsoft Licensing, GP

| | |
|---|---|
| 1 | S. Michael Song (State Bar No. 198656) |
|  | michael.song@dechert.com |
| 2 | Ryan T. Banks (State Bar No. 318171) |
|  | ryan.banks@dechert.com |
| 3 | DECHERT LLP |
|  | 3000 El Camino Real, Suite 650 |
| 4 | Palo Alto, CA 94306 |
|  | Telephone: +1 650 813 4800 |
| 5 | Facsimile: +1 650 813 4848 |
| 6 | Martin J. Black (*pro hac vice*) |
|  | martin.black@dechert.com |
| 7 | DECHERT LLP |
|  | Cira Centre, 2929 Arch Street |
| 8 | Philadelphia, PA 19104 |
|  | Telephone: +1 215 994 4000 |
| 9 | Facsimile: +1 215 994 2222 |
| 10 | Attorneys for Plaintiffs |
|  | MICROSOFT CORPORATION |
| 11 | and MICROSOFT LICENSING, GP |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION and MICROSOFT LICENSING GP, | Case No. 5:19-cv-01279-LHK-NMC |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING MICROSOFTS MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| HON HAI PRECISION INDUSTRY CO., LTD., trading as FOXCONN TECHNOLOGY GROUP, | Re: ECF 73 |
| Defendant. | |

Having considered plaintiffs Microsoft Corporation and Microsoft Licensing GP's ("Microsoft") motion to compel the production of documents from defendant Hon Hai Precision Industry Co. ("Hon Hai"), which was submitted by joint letter brief (ECF No. 73) in compliance with the Court's Civil Standing Order dated March 15, 2019, Microsoft's First Request for the

Production of Documents ("Microsoft RFPs"), Hon Hai's responses and objections thereto, additional materials submitted by the parties pursuant to the Court's Order Setting Discovery Hearing dated November 4, 2019, the arguments advanced by counsel at the hearing before this Court on November 6, 2019, and other records on file, Microsoft's motion to compel against Hon Hai is GRANTED.

Pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, Hon Hai is directed to produce the following documents to the extent in its possession, custody, or control:

1. By no later than November 13, 2019, Hon Hai shall produce for each six-month royalty period since January 1, 2013, documents sufficient to establish:

  (a) the number of units of Smartphones, General Purpose Consumer Devices and Smart TVs that include the Android/Chrome Platform[1] sold, leased, exported, imported, or otherwise disposed of ("Sold") by Hon Hai or its subsidiaries, *see* Microsoft RFPs Nos. 1–3, 10 and 28–30;

  (b) for each such device, documents sufficient to establish the customer name, brand name, model name and number, invoice price to the customer, and country of sale, *see id.*;

2. By no later than November 28, 2019, Hon Hai shall produce:

  (a) an electronic version of the invoices for each device identified in Paragraph 1, *see id.*;

  (b) other than for Excluded Units, for each such device in Paragraph 1, the cost of hardware and software components, and labor cost charged for assembling the hardware and software components into the completed device (*i.e.*, determination of Transfer Price range), *see* Microsoft RFPs Nos. 18-20, 28-30; *see also* Form of Royalty Report attached to this order, column labeled "Transfer Price Ranges" (originally Exhibit A to the License Agreement);

  (c) to the extent that Hon Hai claims any exemptions from a royalty for any product including the Android/Chrome Platform Sold by Hon Hai since January 1, 2013 as identified in Paragraph 1, documents sufficient to support the exemption, including the number of units Sold by Hon Hai or its subsidiaries:

   (i) to one of the third parties listed in sections (ii)(a)–(d) of the definition of "Unlicensed Devices" in the Agreement;

   (ii) to the third party identified in section (iii) of the definition of "Unlicensed Devices" in the Agreement prior to January 1, 2014;

   (iii) to one of the third parties listed as a "CO Entity" in the Agreement as

---

[1] "Smartphones, General Purpose Consumer Devices, Smart TVs, Android/Chrome Platform, and Transfer Price" are defined terms under the Agreement.

a "China Destined Device" within the meaning of the Agreement; or

(iv) to a third-party qualifying as a "Designated Entity" under the Agreement.

*See* Microsoft RFPs Nos. 10–12, and 25–27; *see also* Form of Royalty Report, column "Designated Units," "CO Unit" and "Exempt CO Unit."

3. Further, pursuant to Civil Rule 37(a)(3)(B)(iv), Hon Hai is directed to produce, no later than December 10, 2019, non-privileged documents in its possession, custody, or control responsive to Microsoft's requests numbered 1–3, 4, 9–10, 12, 15–17, 25–30 and 35, with the exceptions that:

(a) requests 1-3, 9-10, 12, 15-17 and 25-30 shall be construed to mean "documents sufficient to show" rather than "all documents";

(b) requests 4 and 35 are narrowed to require the production of management reports kept in the ordinary course of business, sufficient to demonstrate the total sales of Smartphones, General Purpose Consumer Devices and Smart TVs for the business units that transferred the devices identified in Paragraph 1.

Hon Hai's search for documents responsive to these requests shall include, without limitation, those documents it represented to Microsoft it was preserving as "Audit Information," as reflected in the parties' Joint Case Management statement dated June 26, 2019 (ECF No. 34).

Any party may object to this nondispositive order, but must do so within 14 days of the filing of this order. Fed. R. Civ. P. 72(a); Civ. L.R. 72-2.

**IT IS SO ORDERED**

Dated: _____, 2019     _____
                                                                United States Magistrate Judge