MATTHEW POPPE (SBN: 177854)
matthew.poppe@rimonlaw.com
GABRIEL G. GREGG (SBN: 187333)
gabriel.gregg@rimonlaw.com
ZHENG LIU (SBN: 229311)
zheng.liu@rimonlaw.com
JIESHUAI ZHOU (SBN: 323778)
jessie.zhou@rimonlaw.com
RIMON P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

KENDRA ORR (SBN: 256729)
kendra.orr@rimonlaw.com
RIMON P.C.
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone/Facsimile: (415) 683-5472

Attorneys for Defendant
HON HAI PRECISION INDUSTRY CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION and MICROSOFT LICENSING GP,<br><br>Plaintiffs,<br><br>v.<br><br>HON HAI PRECISION INDUSTRY CO., LTD., trading as FOXCONN TECHNOLOGY GROUP,<br><br>Defendant. | Case No. 5:19-cv-01279-LHK-NMC<br><br>**[PROPOSED] ORDER REGARDING MICROSOFTS MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Re: ECF 73 |

Having considered plaintiffs Microsoft Corporation and Microsoft Licensing GP's ("Microsoft") motion to compel the production of documents from defendant Hon Hai Precision

Industry Co., Ltd. ("Hon Hai"), which was submitted by joint letter brief (ECF No. 73) in compliance with the Court's Civil Standing Order dated March 15, 2019, additional materials submitted by the parties pursuant to the Court's Order Setting Discovery Hearing dated November 4, 2019, the arguments advanced by counsel at the hearing before this Court on November 6, 2019, and other records on file, Microsoft's motion to compel against Hon Hai is GRANTED IN PART AND DENIED IN PART.

Pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, Hon Hai is directed to produce the following documents to the extent they are in its possession, custody, or control:

1. By no later than December 31, 2019, Hon Hai shall produce for each six-month royalty period since January 1, 2013, documents sufficient to establish:

(a) the number of units of Smartphones, General Purpose Consumer Devices and Smart TVs that include the Android/Chrome Platform[1] sold, leased, exported, or imported ("Sold") by Hon Hai or its subsidiaries during that royalty period;

(b) for each such device, except Excluded Units and Designated Units (as those terms are defined in the Agreement), documents sufficient to establish the customer name, brand name, model number (or Substitute Device Data in lieu of brand name and model number, where authorized by Section 4.2.2(b) of the Agreement), and invoice price to the customer;

(c) for Excluded Units and Designated Units, documents sufficient to establish the customer name, brand name, and model number (or Substitute Device Data in lieu of brand name and model number, where authorized by Section 4.2.2(b) of the Agreement);

2. By no later than January 31, 2020, Hon Hai shall produce:

(a) for each device identified in Paragraph 1(a) of this Order, other than Excluded Units and Designated Units, documents sufficient to show the cost of hardware and software components, and labor cost charged for assembling the hardware and software components into the completed device (*i.e.*, information for determining the Transfer Price);

(b) to the extent Hon Hai claims that any device identified in Paragraph 1(a) of this Order is not subject to a royalty pursuant to the parties' Agreement, documents sufficient to support that claim, including with respect to:

(i) devices Sold to one of the third parties listed in sections (ii)(a)–(d) of

---

[1] "Smartphones," "General Purpose Consumer Devices," "Smart TVs," "Android/Chrome Platform," and "Transfer Price" are defined terms under the parties' Confidential Patent License Agreement (the "Agreement").

the definition of "Unlicensed Devices" in the Agreement;

(ii) devices Sold to the third party identified in section (iii) of the definition of "Unlicensed Devices" in the Agreement prior to January 1, 2014;

(iii) devices claimed to be "Exempt CO Units" within the meaning of the Agreement; or

(iv) devices Sold to a third-party qualifying as a "Designated Entity" under the Agreement.

3. By no later than January 31, 2020, Hon Hai shall produce, to the extent not already produced pursuant to Paragraphs 1 and 2 of this Order, non-privileged documents in its possession, custody, or control, if any, as follows:

(a) Contracts between Hon Hai or its subsidiaries and any of their customers concerning sales of devices that qualify as Covered Products Sold during each Royalty Period since the Effective Date.

(b) Documents sufficient to show, for any Hon Hai Branded Products (as defined in the Agreement) sold by Hon Hai or its subsidiaries during any Royalty Period since the Effective Date, the average per unit price (including any discounts) charged by Hon Hai or its subsidiaries for such products.

(c) Representative product specification sheets for all Covered Products sold by Hon Hai or its subsidiaries since the Effective Date that Hon Hai claims to be CO Units (as that term is defined in the Agreement).

(d) Documents responsive to Microsoft document requests 10, 12, 15-17 and 25-30, except that the phrase "all documents concerning" in each such request shall be limited to "documents sufficient to show".

(e) Management reports kept in the ordinary course of business by Hon Hai or its subsidiaries or relevant business units thereof, sufficient to demonstrate the total sales of Smartphones, General Purpose Consumer Devices and Smart TVs that include the Android/Chrome Platform during time periods since the Agreement's Effective Date.

4. After Hon Hai produces sales records containing the sales data described in Paragraph 1 of this Order, Microsoft shall have the right to select either the invoice number(s) or the

purchase order number(s) identified in up to one percent (1%) of those sales records and request that Hon Hai produce the corresponding invoices and purchase orders, which Hon Hai shall do by no later than four (4) weeks after the date of Microsoft's request.

To the extent Hon Hai contends that it has notified a customer of its document production obligations specified above and the customer has directed Hon Hai in writing not to produce any such documents, Hon Hai shall, by the applicable production deadline specified above, produce any such written direction and any documents (such as customer contracts) that Hon Hai contends form a good faith basis for the customer's direction.

Any party may object to this nondispositive order, but must do so within 14 days of the filing of this order. Fed. R. Civ. P. 72(a); Civ. L.R. 72-2.

**IT IS SO ORDERED**

Dated: ___________________, 2019

___________________________
United States Magistrate Judge