

3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
+1 650 813 4800 Main
+1 650 813 4848 Fax
www.dechert.com

December 13, 2019

**BY ECF**

Hon. Nathanael Cousins
United States Magistrate Judge
United States District Court for the Northern District of California
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:     *Microsoft Corporation et al. v. Hon Hai Precision Industry Co., Ltd.*,
        No. 5:19-cv-01279-LHK-NC

Pursuant to the Court's Standing Order updated March 15, 2019, plaintiff Microsoft and defendant Hon Hai submit the following joint statement regarding a dispute concerning defendant Hon Hai's compliance with the Court's Order Granting in Part Microsoft's Motion to Compel Production of Documents.  (ECF No. 83.)

**<u>Microsoft's Statement</u>**

Despite the Court's order of November 8, 2019 compelling the production of documents (the "Discovery Order") (ECF 83), Hon Hai has not produced its most basic sales information.  Pursuant to the Discovery Order, Hon Hai was required to produce by November 22 documents sufficient to establish (a) the number of Smartphones, General Purpose Computer Devices and Smart TVs that include the Android/Chrome Platform sold by Hon Hai since 2013, and (b) for each such device, the customer name, brand name, model name and number, country of sale and related information. (ECF 83, §1).  In response, Hon Hai produced limited sales information for a few customers[1], but has continued to withhold other information, including information relating to its largest customers, Huawei, Xiaomi, Oppo, Meizu and Nokia-HMD. Particularly egregious is Hon Hai's refusal to identify the scope of what it has produced and what it has withheld or even to identify its full list of customers. Hon Hai has not complied with the Discovery Order, shockingly claiming as justification "contractual confidentiality prohibitions coupled with customers' objections"[2], and inapplicable and dubious foreign law objections that were not raised during the motion practice over the Discovery Order.

The Court warned Hon Hai of the potential for sanctions in the Discovery Order.  Yet, Hon Hai persists.  Accordingly, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Microsoft seeks:

    (1)  a further order directing Hon Hai to produce within 10 days all responsive, non-privileged

---

[1] Even for the limited sales spreadsheets that were produced, many do not include information required by the Discovery Order, such as sufficient information to identify whether a listed product is a Smartphone, General Purpose Consumer Device or SmartTV; in other cases they are missing brand name and model and country of sale. (Dec. 10 email from M. Song to M. Poppe.)
[2] December 9, 2019 Email from Grace Pan (Hon Hai counsel) to S. Michael Song (Microsoft counsel). This and any other correspondence referenced will be provided upon the Court's request.



Hon. Nathanael Cousins
December 13, 2019
Page 2

    documents per paragraph 1 of the Discovery Order, overruling all objections by Hon Hai for
    withholding such information, including objections that it is prohibited from doing so due to
    agreements with a third-party, objections from customers or foreign law;

(2) a full and complete response to Microsoft's Interrogatories Nos. 1, 2 and 5 within 10 days; Nos. 1
    and 2 ask straightforward questions regarding sales figures, all of which can be determined from
    documents the Court has already ruled Hon Hai must produce; the responses should be in
    numerical form, rather than a vague Rule 33(d) reference, and be certified by a Hon Hai officer;
    No. 5 asks for payments received by Hon Hai for its royalty obligations to Microsoft; and

(3) fees and costs for the motion practice necessary to enforce the Court's Discovery Order.

Microsoft seeks the information necessary to fill out the royalty report Hon Hai agreed to provide in the
parties' license agreement. Any confidentiality objections were resolved by the Protective Order. The
foreign law objection was withdrawn and waived – and for good reason. There is no authority for the
position whatsoever, and Hon Hai cites none. In its Sep. 3 letter,[3] Microsoft made clear to Hon Hai that it
is improper to withhold information based on the objection that Hon Hai is prohibited from producing
pursuant to an agreement with a third-party:

    To the extent that Hon Hai believes that agreements with third parties can prevent Microsoft from
    obtaining otherwise discoverable documents, it is mistaken. The U.S. Supreme Court has held that
    there is no absolute privilege for trade secrets or other similar confidential information. *Federal
    Open Market Committee*, 443 U.S. at 362. …As you have failed to articulate any reason why the
    parties' existing Protective Order would not give adequate protection to any materials withheld on
    the basis of these objections, Hon Hai should agree to withdraw them and produce all responsive,
    non-privileged documents subject to the terms of the parties' negotiated Protective Order.

Microsoft further informed Hon Hai that its objections based on foreign law, *i.e.,* its objection that they
are restricted from disclosure by "applicable laws, rules, regulations, or other legally binding authorities
of a foreign jurisdiction," were improper. *Id.* In response, Hon Hai repeatedly confirmed that it would
produce or inform the third-parties that they must approach the Court with any objections. On Oct. 3,
Microsoft agreed not to go forward with a motion to compel based on Hon Hai's agreement to produce
sales information and its other representations, such as "Hon Hai is working to provide notice to relevant
customers so they can either authorize production or assert their objections."[4] On Oct. 16, Hon Hai
further confirmed that "Nevertheless, to address this issue, Hon Hai and its subsidiaries are contacting
relevant third parties to request that they either authorize Hon Hai <u>to produce the documents in question
with an appropriate confidentiality designation under the protective order, or approach the Court directly
to make a showing of why production should not be required</u>."[5] Hon Hai also confirmed in
correspondence dated Sep. 26 and Oct. 16 that it was not withholding documents on the basis of foreign
law. Hon Hai confirmed by amending its responses and objections on Oct. 18 to remove this prior
objection.[6] And Hon Hai never raised any "foreign law" objection in response to Microsoft's initial
motion to compel.

Hon Hai should have produced all responsive documents on November 22 as required by the Discovery
Order. Instead, Hon Hai withheld the sales information for certain customers and instead produced

---

[3] September 3, 2019 letter from S. Michael Song (Microsoft counsel) to Matt Poppe (Hon Hai counsel).
[4] From Hon Hai's portion of the draft joint letter, dated October 3, 2019 on Microsoft's motion to compel.
[5] October 16, 2019 letter from Gabriel Gregg (Hon Hai counsel) to S. Michael Song (Microsoft counsel).
[6] *Compare* Hon Hai Resp. to Microsoft RFP No.1 *with* Am. Resp. to RFP No.1 dated Oct. 18, 2019.



Hon. Nathanael Cousins
December 13, 2019
Page 3

"Intellectual Property Statements" from Huawei and Nokia dated May and July of 2017.[7] According to the Huawei "statement", Huawei "reserves the right" to negotiate a license with Microsoft and states that Hon Hai is "not authorized or allowed to, directly or indirectly, report" any Huawei sales to Microsoft or pay royalties on behalf of Microsoft. The fact that the Huawei and Nokia statements contain identical phrases strongly suggest that Hon Hai had a hand in writing these documents – even though the statements purport to direct Hon Hai to breach its contractual reporting obligations.[8] But these "Intellectual Property Statements" cannot trump Hon Hai's obligations under the Federal Rules to produce discovery, much less the Court's Discovery Order, which has now been affirmed by Judge Koh.

During a December 9 meet-and-confer, Microsoft attempted to resolve these issues but was unsuccessful. Hon Hai 1) would not agree to provide all sales information by any specific date; 2) would not provide a complete list of its customers nor agree to do so by December 13; 3) would not identify those companies for whom it is withholding sales information; and 4) would not confirm whether it has produced all the sales information for the remaining customers.[9]

Hon Hai's claim that contractual confidentiality obligations exempt it from complying with the Discovery Order is frivolous. There is a protective order in this case, the third parties have done nothing to intervene, and the "Intellectual Property Statements" are of suspicious origin and do not even address litigation. But worse still is Hon Hai's waived, but now resurrected, foreign law argument. To allow a Taiwanese company to refuse to produce its sales figures on the ground that the information is some sort of Chinese trade secret would have far reaching consequences, giving primacy to Chinese law over U.S. law and giving foreign defendants a tool with which to delay and thwart legitimate discovery requests. Here, there has been no showing of what Chinese law really is, much less that it applies on these facts, and Hon Hai waived the issue four times: (1) by entering into a contract under California law, not Chinese law, (2) by withdrawing the objection during the meet and confer process, (3) by not raising the issue during the prior motion practice before Your Honor and (4) by not raising it by objection to Judge Koh. Hon Hai should not be permitted to continue defying this Court's jurisdiction and the Discovery Order. Sanctions are warranted here.

## Hon Hai's Statement

Microsoft advances an inaccurate recitation of the facts in an effort to further its inappropriate motion. As an initial matter, it is not true that, as Microsoft's states, that Hon Hai has only produced "limited sales information for a few customers," or that Hon Hai refused to identify its list of customers or the scope of what it has produced or what has been withheld.

The facts reflect that Hon Hai has properly identified dozens of its customers, provided sales data for the majority of those customers, and has provided the brand name, model name, model number, invoice price

---

[7] Exhibit A to December 6, 2019 Status Update Letter to Court, filed under seal. (ECF 92).

[8] Also, the May and July 2017 dates of the IP statements are shortly after Microsoft provided notice to Hon Hai of its intent to audit on March 31 2017. Compl. ¶ 25.

[9] In response to this motion, Hon Hai makes vague claims about providing a "consolidated" list of its customers that seems to indicate it will still refuse to provide a full list. Hon Hai also makes claims below that it does not maintain certain information in the "ordinary course" but it has never made this objection, not even in its own proposed order to the Court and it certainly does not identify what that is.



and country of sale information for all of those customers for whom such information is tracked in Hon Hai's systems in its ordinary course of business, and for whom no confidentiality obligation exists under either contract or Chinese law. Moreover, contrary to Microsoft's assertion, Hon Hai has not refused to produce a list of its customers. In fact, Hon Hai specifically stated to Microsoft during the parties December 9, 2019 meet and confer that Hon Hai would provide a consolidated list of its customers to Microsoft no later than January 7, 2020—and Hon Hai further stated that it would endeavor to work on providing the list sooner. It is also untrue that Hon Hai has refused to explain the scope of what it has produced and what it has withheld, as discussed further below. Rather, what Microsoft's motion amounts to is nothing more than dissatisfaction veiled as a discovery dispute, over the fact that Hon Hai does not track the information Microsoft seeks in the form Microsoft has demanded.

Hon Hai continues to diligently pursue and seek necessary permissions from its customers to produce further information in this litigation, and is no way ignoring or refusing to comply with its obligations. However, the fact remains that, under Chinese law, Hon Hai is prohibited from producing trade secret information of its customers for which it had previously signed a NDA and where the governing law of the agreement is Chinese law. As has been explained to Microsoft's counsel numerous times, China's Criminal Law (Article 219) makes it a criminal offense for a party to disclose the trade secret information of another, such as the information requested by Microsoft in this litigation with respect to Hon Hai's customers. Indeed, individual customer's confidential sales and customer data is considered trade secret under Chinese law (Article 9, Anti-Unfair Competition Law of China). And China's Anti-Unfair Competition Law, Article 9 sets forth that a business may not infringe on the trade secrets of another by disclosing, using, or allowing another person to use a trade secret in its possession, in violation of its confidentiality obligation. Article 9, clause 3, China's Anti-Unfair Competition Law.[10] Further, Chinese Criminal Law, Article 219, clearly states that whomever commits such acts as infringement of trade secrets, shall be subject to criminal sanctions. Article 219, Criminal Law of China.

As such, Hon Hai is prohibited—under threat of criminal prosecution—from disclosing any such confidential sales information of its customers without their permission. Rather than addressing this fact, Microsoft attempts to *inaccurately* recast Hon Hai's obligations as one of third party confidentiality. Further, Microsoft's citation to a U.S. Supreme Court case construing *U.S. law* of trade secrets, is entirely inapplicable here, where the question is not one of the law of the United States, but of China—where the information is located and under which it is protected. Microsoft's argument here is thus entirely misleading and inapplicable. And despite Microsoft's attempt to argue to the contrary, an order from a United States Court to produce such information does not absolve Hon Hon's criminal liability under Chinese law nor otherwise release Hon Hai of its confidentiality obligations. Indeed, Microsoft offers no authority in support of such an outlandish outcome.

Additionally, as Microsoft correctly points out and acknowledged, Hon Hai has produced Non-Disclosure Agreements with at least five of its customers, and confirmed that it is withholding information relating to those customers on the basis of confidentiality under Chinese law. Microsoft does not seem to dispute this fact nor Hon Hai's express obligations under those agreements. Rather, in essence, Microsoft asks this Court, sitting in the United States, to force a Taiwanese company sitting in China to violate Chinese law and subject itself to criminal penalties by producing information it is legally precluded from producing. This simply cannot be the result, as discussed above. Rather, as Hon Hai has repeatedly stated, it has

---

[10] As a civil law country, the citation to laws of China is different from citation to laws of U.S.



continued to reach out to its customers in an effort to gain the necessary permissions to produce the information Microsoft has requested and will continue to do so. However, it is also worth noting that, unlike Hon Hai who is precluded from producing such information, Microsoft is in no way precluded from serving Rule 45 Subpoenas on these customers directly, many of who are Microsoft's own customers, to obtain the information they seek free of the confines of Chinese trade secret law. Microsoft has failed to do so, however, and fails to offer any explanation for this failure.

Hon Hai's counsel has consistently informed Microsoft's counsel of the two complicating factors in this litigation that make production of the information Microsoft seeks exceedingly time consuming and, in some instances, impossible. The first is, as explained above, the strict confidentiality obligations that Hon Hai faces under Chinese law, which, in some cases, prohibits the disclosure of information Microsoft seeks. The second is that, even assuming permissions are granted for production, the information Microsoft seeks is not consistently tracked or maintained in the ordinary course of business by Hon Hai in the way Microsoft desires, nor is the information easily accessible. Rather, the information is spread across numerous Hon Hai facilities around the world, and therefore, while Hon Hai is attempting to gather all of the information requested by Microsoft, it needs additional time to gather the necessary sales information from customers to whom it does not owe a confidentiality obligation.

Contrary to Microsoft's characterizations of the parties' meet and confer process, Hon Hai has not waived its right to lawfully protect its customers' information pursuant to the strict confidentiality obligations that Hon Hai faces under Chinese law and it offers no legal basis to suggest such arguments are waived.  And Hon Hai takes exception to Microsoft's meritless claim that its valid, legal defense is "dubious" in any way and should this Court seek to review it, Hon Hai can provide a declaration from a Chinese Law expert to support its claims and understanding of the law as set forth above.  As to the timing of Hon Hai's raising its defense, Microsoft's claims ring hollow as counsel for Hon Hai raised this defense during the last status conference before Judge Cousins and during the meet and confers with counsel for Microsoft.  Moreover, Microsoft's baseless conjecture that the customer's Intellectual Property Statements are not the customer's statements is inappropriate and Microsoft offers no evidence to support such inflammatory claims.

Overall, as stated above, Hon Hai has committed to produce to Microsoft a consolidated list of its customers no later than January 7, 2020. Hon Hai will similarly strive to produce to Microsoft as soon as practical all the requested sales information for customers to whom Hon Hai does not owe a confidentiality obligations, to the extent such sales information exists and is maintained by Hon Hai in the ordinary course of its business. Hon Hai will also further supplement its responses to Microsoft's Interrogatories in due course. Microsoft's demand, however, that Hon Hai must respond to Microsoft's Interrogatory Nos. 1 & 2 in narrative (or "numerical") form, as opposed to in accordance with Federal Rule of Civil Procedure 33(d), has no foundation in fact or law. Indeed, Microsoft concedes that the information requested by these Interrogatories "can be determined from documents the Court has already ruled Hon Hai must produce." And, moreover, as discussed above, portions of the information Microsoft seeks is not consistently tracked or maintained in the ordinary course of business by Hon Hai.



Hon. Nathanael Cousins
December 13, 2019
Page 6

Respectfully submitted,

/s/ S. Michael Song

    S. Michael Song (State Bar No. 198656)
    michael.song@dechert.com

    Ryan T. Banks (State Bar No. 318171)
    ryan.banks@dechert.com
    DECHERT LLP
    3000 El Camino Real, Suite 650
    Palo Alto, CA 94306
    Telephone: +1 650 813 4800
    Facsimile:  +1 650 813 4848

    Martin J. Black (*pro hac vice*)
    martin.black@dechert.com
    DECHERT LLP
    Cira Centre, 2929 Arch Street
    Philadelphia, PA 19104
    Telephone:  +1 215 994 4000
    Facsimile:  +1 215 994 2222

    Paul Curran Kingsbery (*pro hac vice*)
    paul.kingsbery@dechert.com
    DECHERT LLP
    1095 Avenue of the Americas
    New York, NY 10036
    Telephone: +1 212 698 3500
    Facsimile:  +1 212 698 3599

Attorneys for Plaintiffs Microsoft Corporation
and Microsoft Licensing, GP

/s/ Grace Pan

Grace Pan
gpan@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON
LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: 212 775 8844
Facsimile: 212 981 3706

Attorneys for Defendant Hon Hai Precision
Industry LTD., trading as Foxconn
Technology