RIMÔN LAW
www.rimonlaw.com

December 13, 2019

BY ECF

Hon. Nathanael Cousins
United States Magistrate Judge
United States District Court for the Northern District of California
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

Re:    *Microsoft Corporation et al. v. Hon Hai Precision Industry Co., Ltd.*,
       Case No. 5:19-cv-01279-LHK-NC

Pursuant to the Court's Standing Order updated March 15, 2019, defendant Hon Hai and plaintiff Microsoft submit the following joint statement regarding a dispute concerning plaintiff Microsoft's production of documents in response to Hon Hai's First Set of Requests for Production.

**Hon Hai's Statement**

Microsoft repeatedly complains about Hon Hai's document production, but blatantly violates its own standards based on tit-for tat arguments.  Almost five months after Hon Hai served its document requests, Microsoft refuses to produce many critical documents and has yet to produce other documents that it agreed to produce.  Microsoft started this lawsuit, and has repeatedly asserted that it will seek nine-figure damages.  Hon Hai requests an order compelling Microsoft to promptly produce the requested documents.

Background:  This is not a simple royalty calculation case.  Hon Hai intends to prove that Microsoft fraudulently induced it to enter into the parties' Patent License Agreement (PLA) by misrepresenting how the royalty rates compared to what other licensees were getting.  The PLA's very validity is thus at issue.  Hon Hai also intends to prove that Microsoft obligated itself to make continued efforts to sign up Hon Hai's customers and competitors to Android license agreements.  Those efforts were crucial to creating a level playing field and making it feasible for Hon Hai to pay royalties.  Microsoft breaches bar its claims, or at least substantially limit the royalties it can recover.  Hon Hai's document requests relate to the counterclaims and defenses that are based on these and other facts, as well as to Microsoft's core claims.

Although Microsoft has filed a motion to dismiss and/or strike some of the relevant counterclaims and defenses (ECF 52, 59, 60-2, 66), such a motion does not halt discovery.  *See, e.g., Singh v. Google, Inc.*, No. 16-cv-3734-BLF, 2016 U.S. Dist. LEXIS 153689 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery).  Microsoft's pleading motion is likely to be defeated, the issues are complex, and Microsoft set the hearing date such that only two months of fact discovery will remain after the motion is heard.  Discovery thus cannot await a ruling, and Microsoft has not even tried to show undue burden.  Two months is inadequate for the follow-up discovery (including third-party discovery) that will be needed.

Microsoft's Refusals to Produce Documents:  Microsoft has completely refused to produce several categories of relevant documents and should be compelled to do so.

   - *Third-Party Android License Negotiation Documents*:  Hon Hai has pled a counterclaim for breach of the implied covenant of good faith and fair dealing and related affirmative defenses.  ECF 51, ¶¶ 35-53, 96-101.  They are based essentially on the allegation that Microsoft failed to make reasonable, good faith efforts to pursue Android license agreements with Hon Hai's customers and competitors.  *Id*. ¶¶ 47, 100.

Documents related to those efforts, if any, are *the* most critical evidence relating to these counterclaims and defenses, and have been requested by Hon Hai in RFP 18 and 24.

During meet-and-confer, Microsoft's only stated basis for withholding production was a so-called "settlement communication privilege."[1]  However, courts in this District do not recognize such a privilege.  *See Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583-85 (N.D. Cal. 2008); *Matsushita Elec.. Indus. Co. v. Mediatek, Inc.*, No. C-05-3148 MMC (JCS), 2007 U.S. Dist. LEXIS 27437, *9-20 (N.D. Cal. Mar. 30, 2007); *American Gen. Life Ins. Co. v. James*, No. C-14-04242 DMR, 2015 U.S. Dist. LEXIS 20768, *14-16 (N.D. Cal. Feb. 19, 2015).  Other courts do not apply the privilege to license negotiations occurring outside of litigation.  *See, e.g., Software Tree, LLC v. Red Hat, Inc.*, No. 6:09-CV-097, 2010 U.S. Dist. LEXIS 70542, *10, *13 (E.D. Tex. Jun. 24, 2010).  Microsoft has backed off the privilege claim, but still argues Hon Hai must make a "heightened showing" of relevance. However, the N.D. Cal. cases cited above do not recognize such a requirement; Microsoft has cited no contrary Ninth Circuit authority; Microsoft's cited cases all involve settlement communications related to pending litigation, not license discussions occurring outside of litigation; and the centrality of the requested documents would satisfy a heightened relevance requirement even if one did apply.

Microsoft agreed to produce limited documents identifying Hon Hai customers with whom Microsoft negotiated unsuccessfully; the negotiation dates; and participating Microsoft personnel.  Such documents will not enable an evaluation of the *reasonableness* or *good faith* of Microsoft's licensing efforts—the critical issues.  Microsoft should be ordered to produce all responsive, non-privileged documents.

- *Documents Identifying Microsoft Licensing Personnel*:  Hon Hai needs to know who at Microsoft conducted or provided input into Android license discussions with Hon Hai or relevant third parties.  Hon Hai thus requests basic org chart-type documents in RFP 22-23.  (Hon Hai now only requests responsive documents for licensing and FRAND personnel, not the other 2 listed categories.)  In response, Microsoft has imposed numerous unreasonable limitations that will keep Hon Hai in the dark as to the identities of relevant personnel during most relevant time periods and the related reporting structure (up to top executives).  Microsoft's only objection is that it does not keep old org charts and it would be burdensome to compile other responsive records.  However, it has offered no specifics about the number of employees in question, the associated burdens, or even the periods during which responsive org charts do or don't exist.  Given Microsoft's own claims about the stakes in this case, it can afford to take the time to provide this critical information to Hon Hai (needed to plan Hon Hai's next steps in discovery).

- *Documents Identifying the Covered Patents*:  Microsoft is claiming nine-figure damages based on a patent license that *does not identify any licensed patents*.  A key question, then, is whether Microsoft has provided any value in exchange for the excessive royalties it seeks—an issue embodied in Hon Hai's "failure of consideration" defense, which Microsoft has not moved to strike.  ECF 51, ¶ 52.  The PLA's silence as to the licensed patents also thwarts Hon Hai's rights under *Lear v. Adkins*, 395 U.S. 653 (1969) (licensee not estopped from challenging patent validity).  Hon Hai's RFP 19 asked Microsoft to produce documents sufficient to identify the Covered Patents; Microsoft should be compelled to do so.

- *Documents Related to Microsoft's FRAND Obligations*:  As discussed above, the central theme of many Hon Hai counterclaims and defenses is that Microsoft wrongfully created an unlevel playing field in the Android market.  To fully investigate this allegation, Hon Hai has requested documents identifying any Covered Patents that are subject to FRAND obligations (*i.e.*, to grant licenses on fair, reasonable, and non-discriminatory terms); documents relating to those FRAND obligations; and documents identifying relevant Microsoft personnel.  *See* RFP 20-23.  Microsoft has refused to produce any such documents and should be compelled to do so.

---

[1] Hon Hai will submit the relevant correspondence and other evidence to the Court upon request.

     - *Discounts/Rebates Granted by Microsoft to Other Licensees*:  Hon Hai's fraud counterclaim and defenses require comparing Hon Hai's royalty rates to those granted by Microsoft to prior Android licensees.  Those rates may be affected not only by what the licenses say, but also by any subsequent rebates/credits/discounts granted by Microsoft.  RFP 25 requests related documents, but Microsoft has arbitrarily limited its production to rebates/credits/discounted granted before the PLA was executed.  Subsequent documents are still potentially relevant and should be produced.

     - *Documents Microsoft May Rely Upon*:  RFP 14 is a standard request that asks Microsoft to produce all documents on which it may rely in support of any claim or in opposition to any defense.  Microsoft has agreed to amend (but has not yet amended) its response but intends to use weasel words to avoid assuring Hon Hai that it will not try to hide the ball.  Microsoft should be required to simply produce all responsive documents, subject to its obligation to supplement from time to time.

Timing of Production of Agreed Documents:

Microsoft has agreed to produce many categories of documents, but has produced fewer than 6,000 pages consisting of correspondence between the parties; third-party reports that Microsoft thinks are relevant to damages; and some Android license agreements with third parties.  Other agreed document categories have not been produced.  Most critical to the settlement conference are (1) Microsoft's remaining third-party Android licenses and any related license termination documents (*see* RFP 15-17) and (2) the documents Microsoft agreed to produce related to its unsuccessful license negotiations (*see* discussion of RFP 18, *supra*).  Regarding the first category, Microsoft told Hon Hai six weeks ago that it needed to provide notice to the licensees.  It has now had adequate time to do so.  Regarding the second category, Microsoft claims an ability to comply because the document request is limited to negotiations with Hon Hai customers and Hon Hai has not yet provided a comprehensive customer list.  However, the request itself identifies several customers by name and Microsoft has produced documents identifying several others.  Microsoft should at least be able to produce documents related to those customers.  It can supplement later when Hon Hai identifies other customers (which it anticipates doing soon).  Microsoft should be ordered to produce these two document categories within 10 days.

**Microsoft's Statement**

After delaying the case with a motion to dismiss in which it took positions that Judge Koh found were "galling", Hon Hai served its affirmative defenses and counterclaims on August 29, 2019.  Since that time, Microsoft has provided timely responses to Hon Hai's discovery requests and worked diligently to produce documents.  Hon Hai's motion has only been filed now because Hon Hai knows Microsoft is moving for sanctions for failure to comply with this Court's order of November 8, 2019.  In fact, substantial progress has been made in Hon Hai's discovery of Microsoft and many of the matters Hon Hai raises are not in dispute or premature.

Each of Hon Hai's requests is addressed below.

*Third-Party Android License Negotiation Documents:* Hon Hai has moved to compel documents relating to Microsoft's negotiations with Hon Hai customers and competitors (RFPs 18 and 24).  Yet, as discussed in Microsoft's motion to compel and for sanctions, Hon Hai will not even tell Microsoft who all of its customers are.  On a recent meet and confer, Hon Hai counsel told us to look up the customer names on Google, even though in other filings, Hon Hai claims that the names are so confidential that a Court order cannot reach that information.  Hon Hai lacks clean hands, and at the minimum, this issue should be deferred until Hon Hai complies with its preexisting obligation to identify the relevant customers.

Moreover, as in any discovery dispute over relevance, the Court must balance the need for the discovery against the needs of the case.  Here, there are particularly sensitive issues relating to interference in

ongoing negotiations that militate strongly against discovery. Balancing the relevant factors, Hon Hai's motion should be denied.

First, Hon Hai has made no showing that it is entitled to production of negotiation documents between Microsoft and Hon Hai customers or competitors after the agreement with Hon Hai, as that information has no bearing on the issues in the case. Microsoft has moved to dismiss Hon Hai's counterclaims and defenses predicated on the theory that Microsoft had an obligation to license third parties because there is no such provision in the parties' license agreement. A defendant cannot write into a contract a contractual provision that does not exist and then use the fiction as a pretext to go fishing into highly sensitive third party negotiations. Hon Hai has not made a prima facie showing of need.

Second, Microsoft has agreed to provide sufficient information to show that negotiations occurred, and no more should be required. Microsoft has agreed to produce by January 7 information on the third-parties with whom it negotiated, the dates of negotiations, and the Microsoft personnel involved in such negotiations. (Microsoft's Amended Responses and Objection to Hon Hai RFP Nos. 15-18, dated November 8, 2019). Microsoft engaged in "reasonable or good faith" efforts to enter into third-party license agreements with Hon Hai customers or competitors. (ECF 51, ¶46).

Third, Microsoft's proposal fairly balances the needs of the case against potential relevance of the evidence and takes due account of the heightened showing necessary to establish the right to take discovery of settlement negotiations. Numerous federal courts have recognized the sensitivity of the disclosure of settlement communications, imposing a heightened showing for such discovery. *See Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1147–48 (9th Cir. 2000) (concluding that "the district court did not abuse its discretion" in denying discovery of requested settlement negotiations because "[s]ettlement negotiations involve sensitive matters"); *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, 2011 WL 5416334, at *7 (D.N.J. 2011) (noting that courts in the Third Circuit have required parties seeking confidential settlement communications to make a "heightened, more particularized showing of relevance"); *Mars Steel v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 684 (7th Cir. 1987). Some courts, including the Sixth Circuit and Eastern District of California, have gone further, recognizing the existence of a settlement communication privilege. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 554 (E.D. Cal. 1990). The Ninth Circuit has not squarely ruled on the applicability of the privilege, and as Hon Hai notes, several judges in this district have refused to recognize a broad "privilege".

The Court need not declare a broad settlement privilege here, but do no more than recognize that the production of negotiating documents for open settlement negotiations presents unique risks and concerns. Balancing that sensitivity against Hon Hai's current need strongly supports Microsoft's proposal to: (1) produce by January 7 the timing of communications and meetings and participants for identified Android customers, and (2) to revisit this issue promptly upon disposition of Judge Koh's ruling on the motion to dismiss, which is set for hearing on January 23.[2]

*Documents Identifying Microsoft Licensing Personnel:* Although Hon Hai labels this "Documents Identifying Microsoft Licensing Personnel," RFP Nos 22 and 23 are exceeding overbroad; for example, RFP 22 asks for "DOCUMENTS and THINGS sufficient to show the legal and business unit structure of MICROSOFT from 2010 to the present…." Microsoft has had hundreds of thousands of employees during the relevant time period and has appropriately objected to the request. With respect to licensing personnel, all the Microsoft employees directly involved in the negotiations with Hon Hai are known. They are listed on initial disclosures and all negotiation correspondence has been produced. Microsoft has also agreed to provide a current "org chart" for the licensing group, all the way to the Corporate Vice

---

[2] The January 23, 2020 date for the hearing was not "set" by Microsoft. It was, of course, the first available date on Judge Koh's docket.

President and Chief IP Counsel. As stated in the meet and confers, Microsoft does not maintain old org charts and such information will have to be recreated from HR records, a cumbersome and difficult process. Microsoft has agreed to re-create this information for a specific date, January 1, 2013, several months before the signing of the agreement. As discussed above, Microsoft has also agreed to produce information identifying the negotiators with Hon Hai customers. Hon Hai continues to demand historical "org charts" - document that do not exist - by way of this RFP, rather than using a more appropriate vehicle such as an Interrogatory for any additional information it seeks. To the extent any further information is requested, the motion should be denied.

*Documents Identifying the Covered Patents*: Microsoft objects to RFP 19 as this request is not relevant to any party's claims or defenses. This is a breach of contract action based on Hon Hai's failure to pay royalties under the License Agreement. In this motion, Hon Hai argues for the first time that the information sought is relevant to its "failure of consideration" defense. However, in its Answer, Hon Hai does not allege that there are no patents to which it received a license or that all the licensed patents are invalid. Rather, Hon Hai's failure of consideration defense (Fifth Affirmative Defense) alleges only that "Microsoft's claims are barred . . . by a material failure of consideration, including for the reasons and based on the facts and allegations set forth in Hon Hai's Fourth Affirmative Defense." The Fourth Affirmative Defense relates to Microsoft's purported "breach of the implied covenant of good faith and fair dealing"; that Microsoft did not attempt to license Hon Hai customers after the agreement with Hon Hai. (Answer & Counterclaims ¶¶ 37–52.) The sole authority on which Hon Hai relies, *Lear v. Adkins*, 395 U.S. 653 (1969), is irrelevant because Hon Hai has not raised any claim of patent invalidity. Further, in the absence of an actual claim or defense that turns on the specific patents that Microsoft licensed to Hon Hai, Hon Hai's request for the identification of all potentially applicable patents is beyond the scope of permissible discovery.

*Documents Related to Microsoft's FRAND Obligations*: As with RFP 19, RFPs 20-23 on Microsoft's FRAND obligations are not relevant to any issue in the case. Nowhere in its Answer and Counterclaims does Hon Hai allege that Microsoft's FRAND obligations have any relationship to its affirmative defenses or counterclaims. Indeed, "FRAND" does not appear anywhere in the Answer. Rather, Hon Hai seeks to drastically multiply the discovery burden on Microsoft by seeking all documents relating to Microsoft's FRAND obligations on patents to which Hon Hai was already granted a license.

*Discounts/Rebates Granted by Microsoft to Other Licensees*: Hon Hai's fraud claim – that it would not have entered into the License Agreement but for alleged misrepresentations by Microsoft - is necessarily based on what Hon Hai knew *before* it signed the License Agreement. And Hon Hai states so. (ECF 51, ¶ 106). Any rebates/discounts granted *after* the License Agreement are irrelevant and Hon Hai's request pointlessly creates unnecessary burden on Microsoft.

*Documents Microsoft May Rely Upon*: RFP 14 fails to describe with "reasonable particularity" what Hon Hai requests as required by Civil Rule 34(b)(1)(A). Hon Hai cannot explain what it means by documents Microsoft "may" rely on as it seems to request premature disclosure of privileged material. Microsoft's response already states it will provide documents per its responses to the requests and further stated that it will provide documents that it *will* rely on at the appropriate time.

*Timing of Production of Agreed Documents*: RFP 18 is addressed above. Responsive information will be produced by January 7, as Microsoft informed Hon Hai on the meet and confer. With regard to RFPs 15-17, Microsoft has already produced all but 4 licenses.[3] The notices were undeliverable as the addresses for these 4 are obsolete and Microsoft has had to repeat notice to new addresses. Microsoft expects to produce 3 of these within 14 days and the last by no later than January 7. Hon Hai has not shown that it will be prejudiced in any way by receiving the balance of the documents remaining to be produced in these two categories on Microsoft's proposed schedule.

---

[3] 18 licenses have already been produced.



Respectfully submitted,

/s/ Matthew H. Poppe

Matthew H. Poppe (State Bar No. 177854)
matthew.poppe@rimonlaw.com

Gabriel G. Gregg (State Bar No. 187333)
gabriel.gregg@rimonlaw.com
Zheng Liu (State Bar No. 229311)
zheng.liu@rimonlaw.com
Jieshuai Zhou (State Bar No. 323778)
jessie.zhou@rimonlaw.com
RIMON P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

Kendra Orr (State Bar No. 256729)
kendra.orr@rimonlaw.com
RIMON P.C.
One Embarcadero Center, Suite 400
San Francisco, CA 94111
Telephone/Facsimile: (415) 683-5472

Attorneys for Defendant Hon Hai Precision Industry Co., Ltd.

/s/ S. Michael Song

S. Michael Song (State Bar No. 198656)
michael.song@dechert.com

Ryan T. Banks (State Bar No. 318171)
ryan.banks@dechert.com
DECHERT LLP
3000 El Camino Real, Suite 650
Palo Alto, CA 94306
Telephone:   +1 650 813 4800
Facsimile:   +1 650 813 4848

Martin J. Black (*pro hac vice*)
martin.black@dechert.com
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone:   +1 215 994 4000
Facsimile:   +1 215 994 2222

Paul Curran Kingsbery (*pro hac vice*)
paul.kingsbery@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone:   +1 212 698 3500
Facsimile:   +1 212 698 3599

Attorneys for Plaintiffs Microsoft Corporation and Microsoft Licensing, GP