S. Michael Song (State Bar No. 198656)
michael.song@dechert.com
Ryan T. Banks (State Bar No. 318171)
ryan.banks@dechert.com
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
Telephone:   +1 650 813 4930
Facsimile:    +1 650 813 4848

Martin J. Black (*pro hac vice*)
martin.black@dechert.com
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Telephone:   + 1 215 994 4000
Facsimile:    + 1 215 994 2222

Paul Curran Kingsbery (*pro hac vice*)
paul.kingsbery@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone:   + 1 212 698 3500
Facsimile:    + 1 212 698 3599

*Attorneys for Plaintiffs Microsoft Corporation
and Microsoft Licensing GP*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION and MICROSOFT LICENSING, GP,<br><br>Plaintiffs,<br><br>v.<br><br>HON HAI PRECISION INDUSTRY CO., LTD., trading as FOXCONN TECHNOLOGY GROUP,<br><br>Defendant. | Case No. 5:19-cv-01279-LHK-NMC<br><br>**MICROSOFT'S MOTION FOR SANCTIONS AND TO COMPEL INTERROGATORY RESPONSES**<br><br>Hearing Date:    January 8, 2020<br>Hearing Time:    1:00 p.m.<br>Courtroom:    5, 4th Floor<br>Judge:    Hon. Nathanael Cousins<br><br>JURY TRIAL DEMANDED |

Dechert LLP

**NOTICE OF MOTION FOR SANCTIONS AND TO**
**COMPEL INTERROGATORY RESPONSES**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2020, at 1:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5, Fourth Floor, Plaintiffs Microsoft Corporation and Microsoft Licensing, GP ("Microsoft") will, and hereby do, move under Rule 37 of the Federal Rules of Civil Procedure and Rule 37-4 of the Civil Local Rules of this Court for an order: (1) pursuant to Fed. R. Civ. P. 37(b)(2)(A) directing Defendant Hon Hai Precision Industry Co., Ltd. ("Hon Hai") to produce within seven days all responsive, non-privileged documents required pursuant to Paragraph 1 and 2 of the Court's order of November 8, 2019 (the "Discovery Order"); (2) pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) directing Hon Hai to provide full, complete responses to Microsoft's Interrogatories Nos. 1, 2, and 5 within seven days, with such responses in narrative and numerical form without reference to Fed. R. Civ. P. 33(d) and certified by an officer of Hon Hai; and (3) pursuant to Fed. R. Civ. P. 37(a)(5)(A) and 37(b)(2)(C) awarding fees and costs for this motion.

This motion is based on this notice of motion, the memorandum of points and authorities set forth below, the accompanying Declaration of S. Michael Song in Support of Microsoft's Motion for Sanctions and to Compel Interrogatory Responses ("Song Decl."), any reply or supplementary material submitted on behalf of Microsoft under Civil Local Rule 7-3, the pleadings and papers on file in this action, and such other written or oral argument as may be presented before the motion is taken under submission by the Court.

**STATEMENT OF RELIEF SOUGHT**

Based on Hon Hai's failure to comply with the Discovery Order, Microsoft seeks an order (the "Further Discovery Order") directing Hon Hai to (i) comply with the Discovery Order within seven days by producing all responsive, non-privileged documents it was compelled to produce in Paragraphs 1 and 2 of the Discovery Order but failed to produce by the Court-imposed deadlines therein; and (ii) provide within seven days full and complete responses, without reference to Fed. R. Civ. P. 33(d), to Microsoft's Interrogatories Nos. 1 and 2, which require the identification of

sales figures relating to products covered by the Confidential Patent License Agreement between Microsoft and Hon Hai, as amended (the "License Agreement"), and Interrogatory No. 5, which requires the identification of payments to Hon Hai as compensation for Hon Hai's royalty payment obligations under the License Agreement.  Microsoft also seeks its reasonable attorneys' fees and costs in connection with this motion practice pursuant to Rules 37(a)(5)(A) and 37(b)(2)(C).

## STATEMENT OF ISSUES

### (Civil Local Rule 7-4)

1.      Whether Hon Hai breached Paragraphs 1 and 2 of the Discovery Order by failing to produce documents required by the Discovery Order?

2.      Whether Microsoft should be awarded reasonable expenses, including attorneys' fees, under Fed. R. Civ. P. 37(b)(2)(C), given Hon Hai's failure to offer a "substantial justification" or "other circumstances that make an award of expenses unjust"?

3.      Whether the Court should strike Hon Hai's objections to Interrogatory Nos. 1, 2 and 5 and require Hon Hai to provide narrative answers, which do not rely on Fed. R. Civ. P. 33(d), and to certify the response by the General Manager of Hon Hai during the royalty period, the CFO or other appropriate officer of Hon Hai?

4.      Whether the Court should award reasonable expenses, including attorneys' fees, under Fed. R. Civ. P. 37(a)(5)(A) for Hon Hai's failure to provide substantive responses to Interrogatory Nos. 1, 2 and 5?

1

## TABLE OF CONTENTS

2

**Page**

3

NOTICE OF MOTION FOR SANCTIONS AND TO COMPEL INTERROGATORY
     RESPONSES ................................................................................................................ i

4

5

STATEMENT OF RELIEF SOUGHT ................................................................................... i

STATEMENT OF ISSUES ..................................................................................................... ii

6

TABLE OF AUTHORITIES ................................................................................................. iv

7

INTRODUCTION .................................................................................................................. 1

8

STATEMENT OF RELEVANT FACTS ............................................................................... 1

9

I.     The License Agreement and Hon Hai's Breach ......................................................... 1

10

II.    Procedural History and Microsoft's Discovery Requests ......................................... 2

11

III.   Hon Hai's Failure to Comply with the Discovery Order .......................................... 7

12

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 8

13

I.     LEGAL STANDARDS ............................................................................................... 8

14

II.    ARGUMENT ............................................................................................................. 10

15

       A.     Hon Hai Has Breached Paragraph 1 of the Discovery Order ............................... 11

16

       B.     Hon Hai Has Breached Paragraph 2 of the Discovery Order ............................... 11

17

       C.     Hon Hai Has Refused to Provide Substantive Answers to  Interrogatory
               Nos. 1, 2 and 5 ..................................................................................................... 12

18

       D.     The Assessment of Fees is Mandatory for Hon Hai's Violation of
               Paragraphs 1 and 2 of the Discovery Order and Unjustified Failure to
               Respond to Interrogatories. .................................................................................. 13

19

20

21

CONCLUSION ..................................................................................................................... 14

22

23

24

25

26

27

28

DECHERT LLP

1

## TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*Finjan, Inc. v. Zscaler, Inc.*,
   No. 17CV06946JSTKAW, 2019 WL 618554 (N.D. Cal. Feb. 14, 2019) ................................4

5

6

*Hyde & Drath v. Baker*,
   24 F.3d 1162 (9th Cir. 1994)..................................................................................................14

7

8

*L.H. v. Schwarzenegger*,
   Civ. No. S-06-2042 LKK GGH, 2007 WL 2781132 (E.D. Cal. Sept. 21, 2007) .....................9

9

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
   No. C-12-00852 WHA JCS, 2012 WL 1600393 (N.D. Cal. May 7, 2012) .............................9

10

11

*MGA Entm't, Inc. v. Nat'l Prods.*,
   Case No. 10-cv-07083-JAK, 2012 WL 4052023 (C.D. Cal. Sept. 14, 2012)..........................14

12

13

*Microsoft Corp. v. Hon Hai Precision Indus. Co., Ltd.*,
   No. 19-CV-01279-LHK, 2019 WL 3859035 (N.D. Cal. Aug. 16, 2019) ............................2, 3

14

*Quantum Corp. v. W. Digital Corp.*,
   No. C-89-1812 WHO, 1990 WL 357245 (N.D. Cal. Jan. 26, 1990) .......................................10

15

16

*Silver State Broadcasting, LLC v. Beasley FM Acquisition*,
   No. 2:11-cv-01789-APG-CWH, 2014 WL 279654 (D. Nev. Jan. 22, 2014)...........................14

17

18

*Societe Nationale Iudustrielle Aerospatiale v. U.S. District Court*,
   482 U.S. 522 (1987) ..................................................................................................................4

19

*Valley Engineers Inc. v. Electric Engineering Co.*,
   158 F.3d 1051 (9th Cir. 1998).................................................................................................9

20

21

STATUTES & RULES

22

Sarbanes-Oxley Act § 302, 15 U.S.C. § 7241....................................................................1, 12, 13

23

17 C.F.R. § 240.13a-14...................................................................................................................13

24

17 C.F.R. § 240.15d-14...................................................................................................................13

25

Fed. R. Civ. P. 26.......................................................................................................................8, 12

26

Fed. R. Civ. P. 33 ................................................................................................................... *passim*

27

Fed. R. Civ. P. 37 ................................................................................................................... *passim*

28

DECHERT LLP

N.D. Cal. Civ. Local Rule 7-3 ......................................................................................... i

N.D. Cal. Civ. Local Rule 7-4 ......................................................................................... ii

N.D. Cal. Civ. Local Rule 37-4(3) .............................................................................. i, 14

**OTHER AUTHORITIES**

8A Wright, Miller & Marcus, Federal Practice & Procedure § 2177 (3d ed., Aug.
    2019 Update) ........................................................................................................... 8

# INTRODUCTION

For six months, Microsoft has been trying to obtain critical information from Hon Hai that bears directly on the central issue in this litigation:  the amount of royalties Hon Hai was obligated to pay for each six-month royalty period under the License Agreement.  This should not be a difficult exercise.  The parties agreed to a simple form royalty report.  Microsoft seeks the information necessary to fill in the reports for the missing periods.  Hon Hai has refused to provide that information in response to interrogatories, refused to provide the source documents necessary to make the calculation citing frivolous and overruled confidentiality objections, and has obstructed completely discovery into its sales.  It appears that Hon Hai's original counsel is resigning, at least in part, due to Hon Hai's indefensible conduct.

Hon Hai's violation of the Discovery Order is manifest, and the imposition of fees for that violation is mandatory under Rule 37(b)(2)(C).  With respect to the interrogatory answers seeking the corresponding sales information, Microsoft requests only that Hon Hai answer them without objections in a narrative form, with the same level of detail as required in the royalty reports.  To ensure compliance, Microsoft seeks no fine, but does request that the General Manager of the company during the relevant time period, Terry Gou, or the current Chief Financial Officer make the verification to ensure that the company devotes the necessary resources to collect the information and to instill in Hon Hai a sense of the seriousness of these proceedings.  U.S. executives certify their financial statements under Section 302 of the Sarbanes-Oxley Act, and there is no reason why it is unreasonable to ask the top leadership of Hon Hai to do the same here given the way they have treated this proceeding so far.

# STATEMENT OF RELEVANT FACTS

## I.    The License Agreement and Hon Hai's Breach

In April 2013, Microsoft and Hon Hai entered into the License Agreement with an effective date of January 1, 2013.  (Compl. Ex. 1, ECF No. 49.)  Microsoft granted Hon Hai and its subsidiaries a patent license covering certain devices (Smartphones, Smart TVs, and General Purpose Consumer Devices, collectively referred to as "Covered Products") that include the "Android/Chrome Platform," as defined in the License Agreement.  (*Id.* § 3.1, at 8.)  In exchange,

1    Hon Hai agreed to report its sales of Covered Products, pay contractually determined royalties,

2    submit to audit by an independent accounting firm upon Microsoft's request, and to maintain all

3    records necessary to support Hon Hai's compliance with the License Agreement.  (*Id.* § 4.2, at 9–

4    11.)  Microsoft and Hon Hai also agreed that the License Agreement would be governed by "the

5    federal laws of the United States to the extent federal subject matter jurisdiction exists" as well as

6    "the laws of the State of California, exclusive of its choice of law rules."  (*Id.* § 7.6, at 17.)  And

7    both parties consented to the "exclusive jurisdiction and venue in the United States District Court

8    for the Northern District of California" for "all civil actions or other legal or equitable proceedings

9    directly arising between the Parties or any of their Affiliates under this Agreement."  (*Id.*)

10    As detailed in the Complaint, Hon Hai subsequently failed to comply with its royalty

11    reporting and payment obligations.  Hon Hai submitted inaccurate royalty reports for the 2014

12    Royalty Period and failed to submit any royalty reports at all for the 2015, 2016, 2017, or 2018

13    Royalty Periods.  (Compl. ¶ 24, ECF No. 1.)  Due to Hon Hai's continued failure to meet its

14    obligations under the License Agreement, Microsoft exercised its audit right in March 2017.  (*Id.*

15    ¶ 25.)  Hon Hai thwarted the audit.  (*Id.* ¶ 25; Compl. Ex. 1 § 4.2.4, at 10.)  Litigation ensued in

16    March 2019.

17    **II.    Procedural History and Microsoft's Discovery Requests**

18    On May 3, 2019, Hon Hai moved to dismiss the complaint in part.  (ECF No. 26.)  Hon

19    Hai argued that Microsoft's claim was not ripe because Microsoft had not yet sent invoices for

20    payment of royalties.  (*Id.* at 6.)  Of course, Microsoft could not send the invoices because it did

21    not have the royalty reports from which the invoice amounts were to be calculated.  Judge Koh

22    agreed, found Hon Hai's argument "galling," and denied the motion.  *Microsoft Corp. v. Hon Hai*

23    *Precision Indus. Co., Ltd.*, No. 19-CV-01279-LHK, 2019 WL 3859035, at *4–6 (N.D. Cal. Aug.

24    16, 2019).

25    While the motion was pending, Microsoft served its First Request for Production of

26    Documents (the "First RFPs") on June 17, 2019, seeking the information necessary to fill out the

27    royalty reports Hon Hai had agreed to provide according to the information it had agreed to

28    retain.  (Song Decl. Ex. 1; Compl. Ex. 1 § 4.2.3, at 10.)  The First RFPs requested that Hon Hai

produce, among other things:

- "[a]ll Documents concerning Hon Hai's Sales of Smartphones that qualify as Covered Products" (RFP No. 1);

- "[a]ll Documents concerning Hon Hai's Sales of Smart TVs that qualify as Covered Products" (RFP No. 2);

- "[a]ll Documents concerning Hon Hai's Sales of General Purpose Consumer Devices that qualify as Covered Products" (RFP No. 3);

- "[a]ll Documents concerning Excluded Units, including Documents sufficient to establish [Hon Hai's] claim that each such unit is an Excluded Unit" (RFP No. 10);

- "[f]or each Royalty Period since the Effective Date, all Documents concerning the total amount of Royalties owed by Hon Hai for Smartphones that qualify as Reported Products Sold during said Royalty Period" (RFP No. 28);

- "[f]or each Royalty Period since the Effective Date, all Documents concerning the total amount of Royalties owed by Hon Hai for Smart TVs that qualify as Reported Products Sold during said Royalty Period" (RFP No. 29); and

- "[f]or each Royalty Period since the Effective Date, all Documents concerning the total amount of Royalties owed by Hon Hai for General Purpose Consumer Devices that qualify as Reported Products Sold during said Royalty Period" (RFP No. 30).

On July 17, 2019, Hon Hai served its responses and objections to the First RFPs. (Song Decl. Ex. 2.) Hon Hai refused to produce any documents responsive to RFP Nos. 1, 2, 3, 10, 28, 29, or 30, based on its claim that these requests sought "documents that are not relevant to any party's claim or defense" because Hon Hai had moved to dismiss Microsoft's claims for damages in the Complaint. (*See id.* at 7, 10, 13, 25–26, 53, 55, 57.) Hon Hai also objected to each of these requests on the grounds that they "may call for the production of business information that is subject to disclosure restrictions imposed by applicable laws, rules, regulations, or other legally binding authorities of a foreign jurisdiction, such as Taiwan or Hong Kong." (*Id.* at 8, 10, 14, 25, 54, 56, 57.) Hon Hai further objected to each of these requests on the grounds that they "may call for the production of confidential business information and trade secrets of third parties that Hon Hai is prohibited from producing pursuant to agreement." (*Id.* at 8, 11, 14, 24, 54, 56, 57.) Hon Hai raised these and other objections despite its express written agreement in the License Agreement that it would (1) provide the contractually required sales information to Microsoft on a periodic basis; and (2) retain such information so that it would be available for review by an

1   independent auditor.  (Compl. Ex. 1 §§ 4.2.2–4.2.4, at 9–11.)  Hon Hai knew throughout the term

2   of the License Agreement that Microsoft had a contractual right to demand this information.

3       By letter dated September 3, 2019, Microsoft notified Hon Hai that its responses and

4   objections were deficient.  (Song Decl. Ex. 3.)  Specifically, Microsoft informed Hon Hai that,

5   among other deficiencies:  its relevance objections based on its motion to dismiss were moot

6   following Judge Koh's August 16 order; its objection to the production of responsive, non-

7   privileged documents based on purported restrictions imposed by foreign law was improper under

8   *Societe Nationale Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522 (1987), and other

9   federal court decisions[1]; and that third-party confidentiality and "trade secret" claims could not

10  shield otherwise discoverable documents, particularly in view of the protective order governing

11  the exchange of confidential discovery materials entered in this case.[2]  (Song Decl. Ex. 3, at 2, 4–

12  5.)

13      In correspondence dated September 26, 2019, Hon Hai confirmed that it was withdrawing

14  the foreign law objection.  (Song Decl. Ex. 4.)  Hon Hai maintained its additional objections.

15      On September 30, Microsoft sent its portion of a draft motion to compel.  (Song Decl. Ex.

16  5.)  In response, Hon Hai withdrew several objections, but stated that with regard to documents it

17  is withholding based on "third-party confidentiality," "Hon Hai is working to provide notice to

18  relevant customers so they can either authorize production or assert their objections."  (Song

19  Decl. ¶ 8, Ex. 6.)  Microsoft agreed to wait.

20      On October 8, 2019, Microsoft served its First Set of Interrogatories on Hon Hai, which

21  included requests that Hon Hai identify "all Brand Name Customers for whom Hon Hai Made

22  Smartphones, Smart TVs and General Purpose Devices that include the Android/Chrome

23  Platform" for each Royalty Period (Interrogatory No. 1); "the total numbers, brand names, and

24

25  [1]    *See also  Finjan, Inc. v. Zscaler, Inc.*, No. 17CV06946JSTKAW, 2019 WL 618554, at *1
26  (N.D. Cal. Feb. 14, 2019) ("[A] foreign country's statute precluding disclosure of evidence do[es]
    not deprive an American court of the power to order a party subject to its jurisdiction to produce
    evidence even though the act of production may violate that statute.") (internal quotations
27  omitted).

28  [2]    The Stipulated Protective Order negotiated by Microsoft and Hon Hai was entered by the
    Court on August 12, 2019.  (ECF No. 44.)

Dechert LLP

– 4 –

1  model numbers of all Smartphones, Smart TVs, and General Purpose Consumer Devices that

2  include the Android/Chrome platform Sold by Hon Hai" for each Royalty Period, Transfer Price

3  range and each category of Covered Product (Interrogatory No. 2); and "all payments to Hon Hai

4  from Brand Name Customers in respect of or as compensation for Hon Hai's Royalty payment

5  obligations under the [License] Agreement" (Interrogatory No. 5).  Like the documents requested

6  in RFP Nos. 1–3, 10, and 28–30, the interrogatories requested the information necessary to fill out

7  the royalty reports.

8         After further discussions regarding Microsoft's anticipated motion to compel responses to

9  its First RFPs, Hon Hai and Microsoft eventually held a telephonic meet and confer call on

10  October 16, 2019.  (Song Decl. ¶ 9.)  Shortly before the call, Hon Hai sent a letter confirming that

11  with regard to agreements with third-parties, "Hon Hai and its subsidiaries are contacting relevant

12  third parties to request that they either authorize Hon Hai <u>to produce the documents in question</u>

13  <u>with an appropriate confidentiality designation under the protective order, or approach the Court</u>

14  <u>directly to make a showing of why production should not be required</u>."  (Song Decl. ¶ 9, Ex. 7

15  (emphasis added).)  Hon Hai also confirmed that it would not be withholding documents on the

16  basis of its foreign law objection.  *Id.*  Hon Hai then served amended responses and objections to

17  the First RFPs withdrawing its prior broad relevance objection as well as its objection based on

18  foreign law.  (*See* Song Decl. Ex. 8.)  In response to RFP Nos. 1–3, Hon Hai stated that it would

19  produce only limited "top-line" information on Smartphones, Smart TVs, and General Purpose

20  Consumer Devices.  (*Id.* at 9, 12, 15.)  Hon Hai qualified its agreement to produce documents

21  responsive to any of RFP Nos. 1–3 or 28–30 by asserting it would produce only to the extent it

22  was "not prohibited from doing so by an agreement with a third party, and following a period of

23  time reasonably sufficient to complete the process of providing notice to relevant customers and

24  for such relevant customers to seek protective order relief from the Court if the customers so

25  choose."  (*Id.* at 9, 12, 15, 55, 56, 57.)

26         The parties were at an impasse and filed a joint discovery letter brief relating to the RFPs

27  on November 1, 2019.  (ECF No. 73.)  Notably, Hon Hai did not raise a foreign law objection.

28  (*See id.*)  Nor did any third party intervene or otherwise inform the Court that it had an objection

1    to production.

2        The next business day, this Court scheduled a hearing on Microsoft's motion to compel

3    for Wednesday, November 6, 2019.  (ECF No. 74.)  At the hearing, Hon Hai did not raise a

4    foreign law objection or any objection relating to its purported confidentiality obligations to third

5    parties.  (ECF Nos. 77–79.)  The Court directed the parties to continue negotiations and, absent a

6    resolution, to submit competing proposed orders.  (ECF No. 76.)

7        On November 7, 2019, Hon Hai served its responses to the Interrogatories.  (Song Decl.

8    Ex. 9.)  For Interrogatories Nos. 1 and 2, which sought the basic information needed to fill out the

9    royalty reports, such as identification of customers (No. 1), the number of Smartphones, General

10   Purpose Consumer Devices and Smart TVs sold to each, as well as the brand names and model

11   numbers (No. 2), Hon Hai raised a slew of objections, including purported third-party

12   confidentiality agreements.  (Song Decl. Ex. 9 at 5, 7.)  With respect to Interrogatory No. 1, Hon

13   Hai invoked Fed. R. Civ. P. 33(d) and referred Microsoft to three documents it had produced—its

14   royalty reports for 2013 and 2014 identifying certain customers in those years only.  (*Id.* at 5.)

15   Hon Hai provided no response for the other years.  For Interrogatory Nos. 2 and 5, Hon Hai raised

16   similar objections but stated that it was "still searching its records to determine the response to

17   this interrogatory."  (*Id.* at 7, 12.)

18        Following the submission of the parties' competing proposed orders (ECF No. 81, 82), the

19   Court entered the Discovery Order on November 8.  (ECF No. 83.)  Paragraph 1 of the Discovery

20   Order directed Hon Hai to produce, for "each six-month royalty period" since January 1, 2013,

21   documents sufficient to establish:

22   (a)    the number of units of Smartphones, General Purpose Consumer Devices and
            Smart TVs that include the Android/Chrome Platform sold, leased, exported, or
23          imported, ("Sold") by Hon Hai or its subsidiaries; and

24   (b)    for each such device, documents sufficient to establish the customer name, brand
            name, model name and number, invoice price to the customer, and country of sale.
25

26   (Discovery Order ¶ 1.)  Paragraph 2 of the Discovery Order directed Hon Hai to produce:

27   (a)    for each device identified in Paragraph 1, other than for Excluded Units,
            documents sufficient to show the cost of hardware and software components, and
28          labor cost charged for assembling the hardware and software components into the

completed device (*i.e.*, determination of Transfer Price range), *see* Microsoft RFPs Nos. 18–20, 28–30; *see also* Form of Royalty Report attached to this order, column labeled "Transfer Price Ranges" (originally Exhibit A to the License Agreement);

(b)     to the extent that Hon Hai claims any exemptions from a royalty for any Android/Chrome Platform Sold by Hon Hai since January 1, 2013, documents sufficient to support the exemption, including the number of units Sold by Hon Hai or its subsidiaries:

(i)     to one of the third parties listed in sections (ii)(a)–(d) of the definition of "Unlicensed Devices" in the Agreement;

(ii)    to the third party identified in section (iii) of the definition of "Unlicensed Devices" in the Agreement prior to January 1, 2014;

(iii)   to one of the third parties listed as a "CO Entity" in the Agreement as a "China Destined Device" within the meaning of the Agreement; or

(iv)    to a third-party qualifying as a "Designated Entity" under the Agreement.

(Discovery Order ¶ 2.)  The Court directed that Hon Hai comply with Paragraphs 1 and 2 of the Discovery Order by November 22, 2019 and December 13, 2019, respectively.

Hon Hai filed limited objections to the Discovery Order with Judge Koh.  (ECF No. 89.) Hon Hai did not advise Judge Koh that it was asserting a foreign law objection or an objection based on confidentiality agreements with third parties.  Judge Koh rejected the objections Hon Hai did make on December 2, 2019.  (ECF No. 91.)

**III.     Hon Hai's Failure to Comply with the Discovery Order**

Hon Hai made a limited, partial production by the November 22 deadline for the production of basic sales information required by Paragraph 1 of the Discovery Order.  Hon Hai excluded numerous customers and products from the production and what it did produce does not include the information required by Paragraph 1, such as brand name, model name, and country of sale.  (Song Decl. Ex. 10.)  Importantly, the production did not include sales information on five of Hon Hai's largest customers:  Huawei, Xiaomi, Oppo, Meizu and Nokia-HMD.  And because Hon Hai refuses to disclose its complete customer list, the full scope of what is missing is unknown.

Therefore, on November 27, Microsoft's counsel began the meet and confer process yet again.  Hon Hai pointed to "Intellectual Property Statements" and non-disclosure agreements

1    indicating that Hon Hai would refuse to produce responsive information based on these

2    documents.  (Song Decl. Ex. 11.)  Interestingly, these IP statements which purportedly prevent

3    disclosure of third-party information by Hon Hai are dated shortly after Microsoft provided notice

4    to Hon Hai of its intent to audit on March 31 2017.  (Compl. ¶ 25; ECF No. 92-5.)  Microsoft

5    requested a full list of customers, and was rebuffed.  (Song Decl. Ex. 12.)  Indeed, Hon Hai's new

6    counsel, Grace Pan, told Microsoft on a December 9 meet and confer call to go search for Hon

7    Hai customers on Google.  (Song Decl. ¶ 14.)  She then raised a foreign law objection that was

8    both waived and is legally indefensible.  (Song Decl. ¶ 14, Ex. 12.)  More fundamentally, Hon

9    Hai would not identify the scope of what it had produced, what it had withheld or even identify its

10    full list of customers.  (Song Decl. ¶ 14, Ex. 12.)  With respect to Microsoft's request that Hon

11    Hai identify all customers, Hon Hai only indicated that it would attempt to provide the list by

12    January 7, 2020, but that it could not guarantee that the list would be "comprehensive."  (*Id.*)

13        Because the parties reached an impasse on these issues, they submitted a joint discovery

14    letter brief to the Court on December 13, 2019.  (ECF No. 97.)  Subsequently, this Court

15    requested further briefing on Microsoft's request for the imposition of sanctions under Fed. R.

16    Civ. P. 37.  (ECF No. 99.)  Hon Hai's original counsel then moved to withdraw.  (ECF No. 100).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    LEGAL STANDARDS

19        Under Rule 37(a) of the Federal Rules of Civil Procedure, "a party may move for an order

20    compelling disclosure or discovery" if "a party fails to answer an interrogatory submitted under

21    Rule 33 . . . ."  Fed. R. Civ. P. 37(a)(3)(B)(iii).  For purposes of a motion to compel, "an evasive

22    or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or

23    respond."  Fed. R. Civ. P. 37(a)(4).  Interrogatories may "relate to any matter that may be

24    inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2).  "[I]interrogatories should be answered

25    directly and without evasion in accordance with information that the answering party possesses

26    after due inquiry."  8A Wright, Miller & Marcus, Federal Practice & Procedure § 2177 (3d ed.,

27    Aug. 2019 Update).  While "a responding party is generally not required to perform extensive

28    research to acquire requested information . . . [a] party must make *reasonable* efforts to respond,

1    and reasonableness is determined by the size and complexity of the case and the resources that a

2    responding party has available to put to the case." *L.H. v. Schwarzenegger*, Civ. No. S-06-2042

3    LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sept. 21, 2007) (citations omitted) (emphasis in

4    original). Subject to limited exceptions not applicable here, when a motion to compel is granted,

5    "the court must, after giving an opportunity to be heard, require the party or deponent whose

6    conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the

7    movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R.

8    Civ. P. 37(a)(5)(A).

9          Under Rule 37(b) of the Federal Rules of Civil Procedure, upon a party's failure "to obey

10   an order to provide or permit discovery," the Court may "issue further just orders" Fed. R. Civ. P.

11   37(b)(2)(A). Such further orders may include sanctions in the form of an order "directing that the

12   matters embraced in the order or other designated facts be taken as established for purpose of the

13   action, as the prevailing party claims," "prohibiting the disobedient party from supporting or

14   opposing designated claims or defenses, or from introducing designated matters in evidence," or

15   "striking the pleadings in whole or in part." *Id.* 37(b)(2)(A)(i)–(iii). Finally, the Court must

16   "order the disobedient party, the attorney advising that party, or both to pay the reasonable

17   expenses, including attorney's fees, caused by the failure, unless the failure was substantially

18   justified or other circumstances make an award of expenses unjust." *Id.* 37(b)(2)(C). In weighing

19   the appropriate sanction for a violation of a discovery order, the Ninth Circuit has directed this

20   Court to consider five factors: "(1) the public's interest in expeditious resolution of litigation;

21   (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions;

22   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

23   drastic sanctions." *Valley Engineers Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th

24   Cir. 1998). Where a party has failed to comply with a Court order directing disclosure, some

25   sanction is warranted "regardless of the reasons" for noncompliance. *Life Techs. Corp. v.

26   Biosearch Techs., Inc.*, No. C-12-00852 WHA JCS, 2012 WL 1600393, at *8 (N.D. Cal. May 7,

27   2012). Regardless of the reasons for noncompliance, the burden is on the party compelled to

28   produce documents "to remove the impediments in order to comply with the production

1   order." *Quantum Corp. v. W. Digital Corp.*, No. C-89-1812 WHO, 1990 WL 357245, at *4 (N.D.
2   Cal. Jan. 26, 1990).

3   **II.    ARGUMENT**

4          Despite a court order and a warning that sanctions would follow non-compliance, Hon Hai
5   has continued to thwart Microsoft's efforts to fill out the royalty reports required by the License
6   Agreement.  (Compl. Ex. 1 at 21, Exhibit A, Form of Royalty Report.)

7          *First*, Hon Hai has not complied with Paragraph 1 of the Discovery Order, which compels
8   production of the basic sales information.  Hon Hai's latest argument, which asks the Court to
9   excuse its conduct based on a foreign law exemption, contradicts binding precedent, was waived,
10  is unsupported by any foreign law, and if accepted, would create a loophole through which
11  foreign companies could thwart the power of the federal courts at will.  Hon Hai is in breach of
12  the Discovery Order due to its admitted failure to produce all information required under
13  Paragraph 1.

14         *Second*, Hon Hai has not complied with Paragraph 2 of the Discovery Order, which
15  required it to produce by December 13, the information necessary to calculate the Transfer Prices
16  and exemptions necessary to calculate the royalties due.  Subsequent to the filing of the joint
17  letter brief on December 13, Hon Hai made a partial production, which is woefully deficient.  The
18  latest production consists of nine spreadsheets, seven of which are for sales of Smart TVs for a
19  single customer, one showing sales of Smartphones in China by a different customer, and one
20  consisting of a list of names, possibly customer names, the significance of which Hon Hai has
21  failed to clearly identify.  (Song Decl. ¶ 15; Ex. 13.)  The new production did not include *any*
22  information in response to Paragraph 2(a) on Transfer Price ranges.  The Paragraph 2(b)
23  production on exemptions was limited to two companies.

24         *Third*, Hon Hai has refused to provide substantive interrogatory answers requesting the
25  sales information necessary to create the royalty reports.  Hon Hai's objections to these
26  interrogatories were overruled in relation to the corresponding RFPs.  Its conduct is obstructionist
27  and the Court should compel Hon Hai to produce responses compliant with Fed. R. Civ. P. 33 and
28  verified by an appropriate officer of Hon Hai.

Dechert LLP

1    Based on Hon Hai's inexcusable failure to comply with the Discovery Order and refusal

2    to answer Interrogatories Nos. 1, 2, and 5, this Court should enter Microsoft's proposed Further

3    Discovery Order and award attorneys' fees under Fed R. Civ. P. 37(a) and 37(b).

4    **A.    Hon Hai Has Breached Paragraph 1 of the Discovery Order**

5    Microsoft served RFPs 1–3, 10, and 28–30, which seek basic sales information necessary

6    to compute Hon Hai's royalty obligations, six months ago.  Judge Koh confirmed the relevance of

7    this information when she denied the motion to dismiss four months ago.  This Court ordered

8    Hon Hai to produce the information one month ago.  Hon Hai has still not produced the

9    information.

10    Hon Hai has had more than adequate time to collect, prepare and produce the sales

11    information Microsoft has been seeking for months:  information about how many Covered

12    Products Hon Hai or its subsidiaries sold during the term of the License Agreement, which

13    customers those Covered Products were sold to, the model name and number of the devices sold,

14    the invoice price charged to the customer, and the country of sale.  All of this information is

15    necessary to determine Hon Hai's royalty payment obligations under the License Agreement, *i.e.*,

16    to fill out the royalty reports Hon Hai should have provided under the parties' License

17    Agreement.  It is undisputed that Hon Hai is withholding this information for certain customers in

18    its entirety.  And Hon Hai has not certified that its production is complete with respect to the

19    customers for which it has deigned to produce documents, leaving Microsoft in the dark as to

20    what is still missing.  (Song Decl. ¶ 14; Ex. 13.)  Hon Hai is in breach of Paragraph 1.

21    **B.    Hon Hai Has Breached Paragraph 2 of the Discovery Order**

22    Paragraph 2(a) requires other information necessary to fill in the Royalty Report—

23    specifically the "Transfer Price Ranges"—necessary to determine the appropriate royalties owed

24    for each Covered Product sold, as the rate varies based on price.  (Compl. Ex. 1 at 21, Exhibit A,

25    Form of Royalty Report.)  Paragraph 2(b) relates to the information necessary to substantiate

26    claimed royalty exemptions, including for "Designated Units" and "Exempt CO Units."  *Id.*

27    Hon Hai produced no information in response to Paragraph 2(a).  Hon Hai produced

28    information on, at best, two companies in response to Paragraph 2(b).  Hon Hai makes no

1    pretense that it has complied with Paragraph 2 of the Discovery Order, and has given no

2    indication when its compliance may be forthcoming.

3           **C.**       **Hon Hai Has Refused to Provide Substantive Answers to**
                  **Interrogatory Nos. 1, 2 and 5**

4

5          Interrogatories 1, 2 and 5 request the information necessary to fill out the royalty reports.

6    As with the documents covered by Paragraphs 1 and 2 of the Discovery order, this information is

7    clearly within the scope of permissible discovery under Fed. R. Civ. P. 26(b).[3]  To date, Hon Hai

8    has steadfastly refused to answer these interrogatories completely and accurately.  Fed. R. Civ. P.

9    37(a)(4).

10          The confidentiality and other objections raised with respect to these interrogatories

11    parallel Hon Hai's objections to Microsoft's RFPs that have been resolved or waived.  Given the

12    importance of the requested information to determine the royalties to which Microsoft was

13    entitled, this information is not overly burdensome to collect.  Hon Hai collected the information

14    for the 2013 royalty report and promised to produce it every six-month period thereafter.

15          The quickest way through the mire of Hon Hai's discovery obfuscation is to force Hon

16    Hai to give a substantive narrative response to these interrogatories, without reference to Fed. R.

17    Civ. P. 33(d).  That will provide sufficient information to fill out columns 1 and 2 of the Royalty

18    Report.  In order to ensure that the job is done properly, we respectfully request that the General

19    Manager of Hon Hai during the relevant period, Terry Gou, or the current Chief Financial Officer

20    of Hon Hai, be required to make the certification.  They are the ones with the power at Hon Hai to

21    ensure that the company devotes the necessary resources to provide accurate answers across all

22    divisions and takes the matter seriously.  There is nothing unusual about a top U.S. executive

23    certifying the accuracy of financial information.  CEOs and CFOs do it every day in this country

24    to comply with the Section 302 of the Sarbanes-Oxley Act, 15 U.S.C. § 7241, and SEC

25

26    [3]        These interrogatories seek direct answers from Hon Hai about the information critical to
the calculation of its royalty obligations, for the reasons stated above.  The RFPs at issue in this

27    motion request the back-up documentation necessary to verify the accuracy of the interrogatory
responses.

28

1    regulations, 17 C.F.R. §§ 240.13a-14, 240.15d-14.

2    **D.    The Assessment of Fees is Mandatory for Hon Hai's Violation**
     **of Paragraphs 1 and 2 of the Discovery Order and Unjustified**
3    **Failure to Respond to Interrogatories.**

4        Fed. R. Civ. P. 37 requires courts to award expenses, including reasonable attorneys' fees,

5    where a party seeking discovery is forced to seek the court's intervention to secure a response,

6    Fed. R. Civ. P. 37(a)(5)(A), and where a party fails to comply with a discovery order, Fed. R. Civ.

7    P. 37(b)(2)(C).  Both provisions of Rule 37 presume that an award of expenses will be issued by

8    the Court.  In the case of a motion to compel discovery, an award must be entered unless the

9    responding party or its counsel can show that the motion was filed before an attempt in good faith

10   to obtain the discovery without court action, the nondisclosure or objection was "substantially

11   justified," or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

12   37(a)(5)(A)(i)–(iii).  In the case of a proven violation of a discovery order, the disobedient party

13   or its counsel can only avoid an award of expenses by demonstrating that "the failure was

14   substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

15   37(b)(2)(C).  Such an award of attorneys' fees may be awarded "[i]nstead of or in addition to"

16   other orders or sanctions issued pursuant to Rule 37(b).  *Id.*

17       In the Discovery Order, the Court warned Hon Hai that sanctions could be granted for

18   failure to comply.  Despite this Court's clear warning, Hon Hai has plainly violated the Discovery

19   Order as discussed extensively above.  Microsoft seeks recovery of its reasonable expenses

20   (including attorneys' fees) resulting from Microsoft's efforts to secure compliance with the

21   Discovery Order.  To date, such expenses have included, among other things, increased attorney

22   time spent reviewing and analyzing the deficiencies in Hon Hai's productions, engaging in further

23   meet-and-confer communications with Hon Hai's counsel, and preparing this motion as well as

24   Microsoft's section of the joint letter for its motion to compel dated December 13, 2019.  All of

25   these efforts could have been avoided if Hon Hai had complied with the Discovery Order.

26       Similarly, Microsoft is entitled to attorneys' fees in connection with its attempts to obtain

27   complete, accurate, and timely responses to Interrogatories Nos. 1, 2, and 5.  Hon Hai has failed

28   to provide complete, substantive responses to those interrogatories and has relied primarily on

Dechert LLP

1  objections that the Court has already determined to lack merit in connection with the Discovery

2  Order.

3  　　　　Whether for a motion to compel discovery or a motion for sanctions for the violation of a

4  discovery order, it is Hon Hai's burden to come forward with a justification of its conduct. *Hyde*

5  *& Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994); *Silver State Broadcasting, LLC v. Beasley*

6  *FM Acquisition*, No. 2:11-cv-01789-APG-CWH, 2014 WL 279654, at *1 (D. Nev. Jan. 22, 2014).

7  However, Microsoft respectfully submits that none of the arguments advanced by Hon Hai to date

8  justify its noncompliance.[4]  There was no "genuine dispute" about the merits of Hon Hai's

9  position, and "reasonable people" could not "differ as to the appropriateness of" Hon Hai's

10  conduct. *MGA Entm't, Inc. v. Nat'l Prods.*, Case No. 10-cv-07083-JAK, 2012 WL 4052023, at

11  *3 (C.D. Cal. Sept. 14, 2012) (citations omitted) (substantial justification exists where there is "a

12  genuine dispute or if reasonable people could differ as to the appropriateness of the contested

13  action.")  Indeed, one set of lawyers with inside information about Hon Hai's conduct seems to

14  believe that Hon Hai's behavior is so egregious that it must withdraw.  (ECF No. 100.)

15  **CONCLUSION**

16  　　　　For the foregoing reasons, Microsoft respectfully requests that the Court (1) enter and a

17  Further Discovery Order under Fed. R. Civ. P. 37(b)(2)(A); (2) order Hon Hai to provide

18  complete narrative answers to Interrogatory Nos. 1, 2 and 5 under Fed. R. Civ. P. 37(a)(3)(B)(iii)

19  with a verification by Mr. Terry Gou or the current Chief Financial Officer of Hon Hai; and (3)

20  order Hon Hai to pay the reasonable expenses, including attorneys' fees, incurred by Microsoft to

21  secure Hon Hai's compliance with the Discovery Order and to obtain substantive interrogatory

22  responses.

23

24

25

_____

26  [4]  　　As Microsoft's request for attorneys' fees concerns its ongoing efforts to secure compliance with the Discovery Order and to obtain substantive interrogatory responses,

27  Microsoft respectfully requests leave to file a declaration detailing its fees and a proposed order on attorneys' fees no later than seven days following the Court's resolution of this motion. *See*

28  Local Rule 37-4(3).

1    Dated: December 20, 2019                          Respectfully submitted,

2                                                      DECHERT LLP

3

4                                                      By: _____ /s/ S. Michael Song _____

5                                                      S. Michael Song (State Bar No. 198656)
                                                       michael.song@dechert.com
6                                                      Ryan T. Banks (State Bar No. 318171)
                                                       ryan.banks@dechert.com
7                                                      DECHERT LLP
                                                       3000 El Camino Real, Suite 650
8                                                      Palo Alto, CA 94306
                                                       Telephone:   +1 650 813 4800
9                                                      Facsimile:    +1 650 813 4848

10                                                     Martin J. Black (Of Counsel)
                                                       martin.black@dechert.com
11                                                     DECHERT LLP
                                                       Cira Centre, 2929 Arch Street
12                                                     Philadelphia, PA 19104
                                                       Telephone:   +1 215 994 4000
13                                                     Facsimile:    +1 215 994 2222

14                                                     Paul Curran Kingsbery (Of Counsel)
                                                       paul.kingsbery@dechert.com
15                                                     DECHERT LLP
                                                       1095 Avenue of the Americas
16                                                     New York, NY 10036
                                                       Telephone:  +1 212 698 3500
17                                                     Facsimile:    +1 212 698 3599

18                                                     Attorneys for Plaintiffs
                                                       MICROSOFT CORPORATION
19                                                     and MICROSOFT LICENSING, GP

20

21

22

23

24

25

26

27

28

Dechert LLP

MICROSOFT'S MOTION FOR SANCTIONS AND TO COMPEL INTERROGATORY RESPONSES
No. 5:19-cv-01279-LHK-NMC