UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HON HAI PRECISION INDUSTRY CO., LTD., <br><br> Defendant. | Case No. 19-CV-01279-LHK <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL WITHOUT PREJUDICE** <br><br> Re: Dkt. Nos. 53, 60 |

This case concerns Plaintiffs Microsoft Corporation's and Microsoft Licensing GP's ("Microsoft's") suit for breach of contract and Defendant Hon Hai Precision Industry Co., Ltd.'s ("Hon Hai's) counterclaims for breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and negligent misrepresentation. Before the Court are the parties' administrative motions to seal (1) two exhibits attached to Microsoft's motion to dismiss or strike and (2) three specific text items in Hon Hai's opposition brief. ECF Nos. 53, 60.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in

1
Case No. 19-CV-01279-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL WITHOUT PREJUDICE

favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, *Kamakana*, 447 F.3d at 1178–79. By contrast, records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.") (internal quotation marks omitted). Accordingly, parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

The first question before the Court is whether the instant motions to seal are subject to the good cause or compelling reasons standard. Here, Microsoft's motion to dismiss or strike and

2
Case No. 19-CV-01279-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL WITHOUT PREJUDICE

1 Hon Hai's opposition to Microsoft's motion to dismiss or strike are more than tangentially related
2 to the underlying causes of action. *See, e.g.*, *DeLaCruz v. State Bar of California*, 2017 WL
3 9614095, at *1 (N.D. Cal. Sept. 11, 2017) (applying "compelling reasons" standard to materials
4 relating a motion to dismiss); *Ponomarenko v. Shapiro*, 2017 WL 3605226, at *2 (N.D. Cal. Aug.
5 21, 2017) (applying "compelling reasons" standard to exhibit to complaint). The compelling
6 reasons standard therefore applies. Compelling reasons justifying the sealing of court records
7 generally exist "when such 'court files might have become a vehicle for improper purposes,' such
8 as the use of records to gratify private spite, promote public scandal, circulate libelous statements,
9 or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact
10 that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to
11 further litigation will not, without more, compel the court to seal its records." *Id.*

12 The Court now addresses the substance of the instant sealing motions. The Court begins
13 with Microsoft's motion to seal, ECF No. 53, and then turns to Hon Hai's motion to seal, ECF No.
14 60. Microsoft's motion seeks to seal a May 14, 2012 draft of a Confidential Patent License
15 Agreement between Microsoft and Hon Hai (Exhibit A) and correspondence between Microsoft
16 and Hon Hai prior to the filing of this lawsuit (Exhibit B). ECF No. 53. Microsoft argues that
17 "[t]he draft Confidential Patent License Agreement is replete with non-public, confidential, and
18 proprietary Microsoft business information," which "includes the specific terms and conditions
19 offered by Microsoft during on-going negotiations, such as royalty payment amounts and terms."
20 ECF No. 53-1 ¶ 3. On this basis, Microsoft also seeks to seal Exhibit B, which consists of
21 correspondence between Microsoft and Hon Hai prior to the filing of this lawsuit. Microsoft
22 contends that "[t]hese documents contain descriptions of the provisions of the final Confidential
23 Patent License Agreement" and "reveals settlement discussions and negotiations between the
24 parties in an effort to resolve this case before it was filed." *Id.* ¶ 4.

25 The main problem with Microsoft's argument is that the motion to seal seeks to seal both
26 exhibits *in their entirety*. Such a request is clearly overbroad in that Microsoft seeks to seal vast
27 swaths of non-sealable material. As a result, the request is not "narrowly tailored to seek sealing

3
Case No. 19-CV-01279-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL WITHOUT PREJUDICE

only of sealable material," as mandated by Civil Local Rule 79-5(b).

For example, portions of the May 14, 2012 draft of a Confidential Patent License Agreement encompass such items as definitions of generic terms and introductory sentences. *See, e.g.,* ECF No. 53-3 at 1-6. Additionally, the correspondence between Microsoft and Hon Hai includes broad summaries of the parties' contractual obligations under the Confidential Patent License Agreement and allegations that appear in unredacted form in the parties' briefing. ECF No. 53-4 at 1-5. Indeed, much of the subject matter that Microsoft seeks to seal in both exhibits is unredacted in the public version of the Confidential Patent License Agreement filed at ECF No. 19-4.

Moreover, Microsoft seeks to seal Hon Hai's proposed most-favored-nation provision that Microsoft rejected. This provision did not identify any specific royalty rates and was not included in the parties' final Confidential Patent License Agreement. Thus, Microsoft's interest in sealing a generic and rejected draft most-favored-nation provision is extremely low. Additionally, the Court relied upon this provision in granting Microsoft's motion to dismiss. ECF No. 148 at 19. Thus, this provision is relevant to the public's understanding of the judicial process. *See Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (sealing warranted when there was no "indication that th[e] information was essential to the district court's rulings"); *id.* at 1228 (information not relied on by district court in its orders "is irrelevant to the public's understanding of the judicial proceedings"); *see also Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (presumption of public access to judicial records grounded in need to promote "the public's understanding of the judicial process and of significant public events").

Finally, the Court acknowledges that while "pricing terms, royalty rates, and guaranteed minimum payment terms" meet the compelling reasons standard for sealing, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008), much of the redacted material does not fall into these categories. What is more, Microsoft's claim that public release of the May 14, 2012 draft of the Confidential Patent License Agreement "would significantly undermine Microsoft's bargaining

4
Case No. 19-CV-01279-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL WITHOUT PREJUDICE

position in licensing negotiations" is general and conclusory, rather than particularized to each piece of information sought to be sealed. ECF No. 53-1 ¶ 3. "[C]onclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182 (requiring a specific compelling reason for each redaction rather than "a general category of privilege").

Therefore, the Court DENIES Microsoft's motion to seal two exhibits attached to Microsoft's motion to dismiss or strike without prejudice. Microsoft may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable under applicable case law. If Microsoft chooses to file its motion, it must be filed by March 6, 2020.

The Court next addresses Hon Hai's motion to seal portions of Hon Hai's opposition to Microsoft's motion to dismiss or strike. ECF No. 60. Hon Hai's motion seeks to seal three specific text items that substantively discuss royalty rates and pricing terms in the Confidential Patent License Agreement. *Id.* at 2.

Applying the compelling reasons standard, the Court GRANTS Hon Hai's motion to seal. The Ninth Circuit has repeatedly affirmed that compelling reasons exist to seal court records when the records may be used to "release trade secrets." *Kamakana*, 447 F.3d at 1179l; *see also In re Elec. Arts, Inc.*, 298 Fed. App'x at 569 ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." (quoting *Nixon*, 435 U.S. at 598)). The Ninth Circuit has adopted the Restatement's definition of "trade secret," *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972), which is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who *do* not know or use it," Restatement (First) of Torts § 757, cmt. b. Relevant here, "pricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements have been deemed sealable trade secrets. *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569. The same is true of information associating identified customers with particular pricing rates or other financial terms. *See Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 3932554, at *3

5

(N.D. Cal. Aug. 16, 2018); *cf. In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 159 (N.D. Cal. 1992) (entering a protective order over "information specifically setting forth royalties received or to be received by Adobe from identified customers").

With these principles in mind, the Court GRANTS Hon Hai's motion to seal as follows:

| Document | Page/Line | Ruling |
| --- | --- | --- |
| Opposition | Page 7, lines 18-20 | GRANTED. |
| Opposition | Page 20, lines 6-7 | GRANTED. |
| Opposition | Page 20, lines 8-10 | GRANTED. |

**IT IS SO ORDERED.**

Dated: February 21, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge