United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HON HAI PRECISION INDUSTRY CO., LTD.,<br><br>    Defendant. | Case No. 19-CV-01279-LHK<br><br>**ORDER GRANTING MICROSOFT'S RENEWED MOTION TO SEAL**<br><br>Re: Dkt. No. 176 |

This case concerns Plaintiffs Microsoft Corporation's and Microsoft Licensing GP's ("Microsoft's") suit for breach of contract and Defendant Hon Hai Precision Industry Co., Ltd.'s ("Hon Hai's") counterclaims for breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and negligent misrepresentation. The Court previously denied Microsoft's motion to seal a May 14, 2012 draft of a Confidential Patent License Agreement, which was attached as Exhibit A to Microsoft's motion to dismiss and/or strike Hon Hai's counterclaims and affirmative defenses, because Microsoft sought to seal the document in its entirety. ECF No. 150 at 3. Microsoft now brings a renewed motion to seal portions of the May 14, 2012 draft of a Confidential Patent License Agreement. ECF No. 176.

"Historically, courts have recognized a 'general right to inspect and copy public records

1
Case No. 19-CV-01279-LHK
ORDER GRANTING MICROSOFT'S RENEWED MOTION TO SEAL

and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, *Kamakana*, 447 F.3d at 1178–79. By contrast, records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.") (internal quotation marks omitted). Accordingly, parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method,

2
Case No. 19-CV-01279-LHK
ORDER GRANTING MICROSOFT'S RENEWED MOTION TO SEAL

the portions of the document that have been omitted from the redacted version." *Id.*

As the Court previously concluded, the instant motion to seal is subject to the compelling reasons standard because the May 14, 2012 draft of a Confidential Patent License Agreement is more than tangentially related to the underlying causes of action. ECF No. 150 at 2-3. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court now addresses the substance of the instant sealing motion. Microsoft seeks to seal specific terms of the May 14, 2012 draft of a Confidential Patent License Agreement between Microsoft and Hon Hai, which is attached to Microsoft's motion to dismiss and/or strike as Exhibit A and referred to in the parties' briefing on Microsoft's motion to dismiss and/or strike.

Applying the compelling reasons standard, the Court GRANTS the parties' motions to seal. The Ninth Circuit has repeatedly affirmed that compelling reasons exist to seal court records when the records may be used to "release trade secrets." *Kamakana*, 447 F.3d at 1179l; *see also In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing.") (quoting *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatement's definition of "trade secret," *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972), which is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who *do* not know or use it," Restatement (First) of Torts § 757, cmt. b. Relevant here, "pricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements have been deemed sealable trade secrets. *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569. The same is true of information associating

3

identified customers with particular pricing rates or other financial terms. *See Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018); *cf. In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 159 (N.D. Cal. 1992) (entering a protective order over "information specifically setting forth royalties received or to be received by Adobe from identified customers").

With these principles in mind, the Court rules on the instant motion as follows:

| Document | Page/Line | Ruling |
|---|---|---|
| Motion to Dismiss and/or Strike, Exhibit A | Page 2, Table at bottom, all numerical entries in all columns. | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 3, last sentence of the definition of "eReader." | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 5, in the definition of "Transfer Price," all language after the word "means." | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 7, Section 3.3, reference to numerical dollar figures. | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 10, Section 4.2.2, the language in the first sentence between "Within" and "after," and the language in the last sentence between "within" and "after." | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 10, Section 4.2.4, the language in the first sentence between "not less than" and "advance." | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 11, Section 4.2.5, all numerical references to days and percentages. | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 11, Section 4.4, the first sentence (after the section title). | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 11, Section 4.5, the language in the first sentence between "the rate of" and "per month." | GRANTED. |

4
Case No. 19-CV-01279-LHK
ORDER GRANTING MICROSOFT'S RENEWED MOTION TO SEAL

| Document | Page/Line | Ruling |
|---|---|---|
| Motion to Dismiss and/or Strike, Exhibit A | Page 13, Section 5.2, all numerical references to days and percentages. | GRANTED. |
| Motion to Dismiss and/or Strike, Exhibit A | Page 18, Table at the bottom, all numerical entries in all columns (the same information as the table on page 2). | GRANTED. |

**IT IS SO ORDERED.**

Dated: March 10, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge