UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HON HAI PRECISION INDUSTRY CO., LTD.,<br><br>　　　　Defendant. | Case No. 19-CV-01279-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 243, 244, 249, 251, 256 |

　　This case concerns Plaintiffs Microsoft Corporation's and Microsoft Licensing GP's ("Microsoft's") suit for breach of contract and Defendant Hon Hai Precision Industry Co., Ltd.'s ("Hon Hai's) counterclaims for breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and negligent misrepresentation. Before the Court are the parties' administrative motions to seal portions of Microsoft's and Hon Hai's motions for summary judgment, Microsoft's and Hon Hai's oppositions, and Microsoft's reply. ECF Nos. 243, 244, 249, 251, 256. The parties' administrative motions to seal also seek to seal related exhibits.

　　"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

1

U.S. 589, 597 & n.7 (1978)).  Thus, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure, *Kamakana*, 447 F.3d at 1178–79.  By contrast, records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.") (internal quotation marks omitted).  Accordingly, parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5.  Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civ. L.R. 79-5(b).  "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

Microsoft and Hon Hai agree that the instant motions to seal are subject to the compelling

2
Case No. 19-CV-01279-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL WITHOUT PREJUDICE

reasons standard. The Court agrees, as motions for summary judgment are more than tangentially related to the underlying causes of action. The compelling reasons standard therefore applies.

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court now addresses the substance of the instant sealing motions in the order in which they were filed.

### A. Hon Hai's Motion to Seal Portions of Its Motion For Partial Summary Judgment and Exhibits 1–3 In Support Thereof (ECF No. 243)

Hon Hai first seeks to seal portions of its motion for partial summary judgment and Exhibits 1–3 in support thereof. ECF No. 243.

The Court holds that Hon Hai's motion for partial summary judgment at page 2, line 19 is sealable because it recites a damages figure based on royalty rates and pricing terms. "[P]ricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements have been deemed sealable trade secrets. *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008).

The Court holds that Exhibit 1 is not sealable in its entirety. Exhibit 1 contains pages from the deposition transcript of Juan Gonzalez III, which in turn include royalty calculations and alleged amounts owed to Microsoft by Hon Hai. These portions of the deposition transcript are sealable. However, Hon Hai also cites to the Gonzalez Deposition in its motion for partial summary judgment to establish the deadlines for Hon Hai to submit its royalty reports. *See* ECF No. 242 ("Hon Hai MSJ") at 1. Thus, this provision is relevant to the public's understanding of the judicial process. *See Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (presumption of public access to judicial records grounded in need to promote "the

public's understanding of the judicial process and of significant public events"). Therefore, Exhibit 1 cannot be sealed in its entirety, and Hon Hai must file requests that are "narrowly tailored to seek sealing only of sealable material." N.D. Cal. Civ. L.R. 79-5(b).

The Court also holds that Exhibit 2 cannot be sealed in its entirety. Exhibit 2 is an excerpt of an email chain between Microsoft and Hon Hai. Microsoft designated Exhibit 2 "CONFIDENTIAL" in its entirety, and Hon Hai claims that this email chain contains confidential information entitled to trade secret protection. Again, the problem with Hon Hai's request to seal is that Hon Hai seeks to seal Exhibit 2 in its entirety, even as Hon Hai acknowledges that Hon Hai quotes from this document in its motion for partial summary judgment and those quotations are unredacted. ECF No. 243 at 3. Furthermore, though Microsoft designated Exhibit 2 "CONFIDENTIAL," Civil Local Rule 79-5(d)(1)(A) explains that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Accordingly, though portions of Exhibit 2 may indeed be sealable as protectable trade secrets, Exhibit 2 cannot be sealed in its entirety.

The Court holds that Exhibit 3 is sealable in its entirety. Exhibit 3 is a small, one-page excerpt from Microsoft's damages expert's supplemental expert report. Exhibit 3 contains a single table replete with confidential trade secret information concerning royalty rates and pricing terms. As a result, the Court holds that Exhibit 3 is sealable in its entirety. *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569 (deeming "pricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements sealable trade secrets).

Accordingly, the Court GRANTS in part and DENIES in part Hon Hai's motion to seal portions of its motion for partial summary judgment and Exhibits 1–3 in support thereof. ECF No. 243. The Court's denial of Hon Hai's administrative motion is without prejudice. Hon Hai shall file a renewed administrative motion to seal by Thursday, August 27, 2020.

**B. Microsoft's Motion to Seal Portions of Its Motion For Summary Judgment, Portions of the Declaration of Ryan Banks, and Exhibits 2–6 of the Banks Declaration (ECF No. 244)**

4

Case No. 19-CV-01279-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL WITHOUT PREJUDICE

The Court now turns to Microsoft's motion to seal portions of its motion for summary judgment, portions of the Declaration of Ryan Banks, and Exhibits 2–6 to the Banks Declaration. ECF No. 244.

The Court holds that portions of Microsoft's motion for summary judgment and portions of the Banks Declaration are sealable. In these two documents, Microsoft seeks only to seal damages figures and numbers of units sold. With respect to Microsoft's motion for summary judgment, that information appears on page iii, lines 11–12; page 1, lines 9, 12–13, and 26; page 2, lines 25 and 26; page 7, lines 3, 5, 10, 12–13, and 15; page 9, line 26; and page 20, line 2. With respect to the Banks Declaration, that information appears on page 2, line 23.

As the Court previously noted, such proprietary information is sealable, and here, Microsoft complied with Civil Local Rule 79-5(b), which requires that requests be "narrowly tailored to seek sealing only of sealable material." Accordingly, Microsoft's motion for summary judgment and the Banks Declaration are sealable in the manner requested by Microsoft. The Court notes, however, that the public version of Microsoft's motion for summary judgment is redacted in its entirety. *See* ECF No. 245. Microsoft shall file the properly redacted, public version of its motion for summary judgment on the docket by Thursday, August 27, 2020.

The Court holds that portions of Exhibits 2 and 3 to the Banks Declaration are sealable. Exhibit 2 is the Rebuttal Expert Report of Shirley Webster, which contains confidential calculations of potential damages figures. Exhibit 3 is a deposition transcript for Ms. Webster discussing royalty rates and provisions. The Court notes that in the unredacted versions of Exhibits 2 and 3 that were filed under seal, Microsoft appears to highlight the portions it intended to redact. *See* ECF Nos. 244-7, 244-8. However, the public versions filed on the docket redacted these documents in their entirety. ECF Nos. 245-4, 245-5. By Thursday, August 27, 2020, Microsoft shall file on the public docket the more narrowly tailored redactions for Exhibits 2 and 3 unless it intends to redact more information than originally highlighted. If so, Microsoft shall explain which additional portions of Exhibits 2 and 3 it seeks to seal and why those portions are sealable.

5
Case No. 19-CV-01279-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL WITHOUT PREJUDICE

The Court holds that portions of Exhibit 4 to the Banks Declaration are sealable. Exhibit 4 contains select portions of written depositions responses from Hon Hai's 30(b)(6) witness, Eric Lu. Exhibit 4 contains discussion of confidential information regarding Hon Hai and its subsidiaries' internal business operations, which this Court has noted is sealable. *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013). However, as was the case with Exhibits 2 and 3, Microsoft appears to highlight the portions of Exhibit 4 it intended to redact, ECF No. 244-9, but the public version filed on the docket redacted Exhibit 4 in its entirety, ECF No. 245-6. By Thursday, August 27, 2020, Microsoft shall file on the public docket the more narrowly tailored redactions for Exhibit 4, unless it intends to redact more information than originally highlighted. If so, Microsoft shall explain which additional portions of Exhibit 4 it seeks to seal and why those portions are sealable.

Finally, the Court holds that Exhibits 5 and 6 are not sealable in their entirety. Exhibits 5 and 6 are licensing agreements between Microsoft and Open Invention Network ("OIN") and between a subsidiary of Hon Hai and OIN. Although Exhibits 5 and 6 may indeed contain sealable proprietary information, Microsoft has not narrowly tailored its sealing requests. Indeed, Microsoft's motion for summary judgment quotes these exhibits at length and the quotations are unredacted in Microsoft's motion. ECF No. 245 ("Microsoft MSJ") at 9. Therefore, though portions of Exhibits 5 and 6 may indeed be sealable, Exhibits 5 and 6 should not be sealed in their entirety. Microsoft must make narrowly tailored sealing requests as to Exhibits 5 and 6 and explain why these portions are sealable.

Accordingly, the Court GRANTS in part and DENIES in part Microsoft's motion to seal its motion for summary judgment, portions of the Declaration of Ryan Banks, and Exhibits 2–6 to the Banks Declaration. ECF No. 244. The Court's denial of Microsoft's administrative motion is without prejudice. Microsoft shall file a renewed administrative motion to seal by Thursday, August 27, 2020.

### C. Microsoft's Motion to Seal Portions of Its Opposition and Exhibits 2–6 of the Second Banks Declaration (ECF No. 249)

The Court now turns to Microsoft's motion to seal portions of its opposition and Exhibits 2–6 to the Second Banks Declaration. ECF No. 249.

The Court holds that portions of Microsoft's opposition are sealable. Microsoft seeks to seal text on page 2, lines 10 and 24 in Microsoft's opposition because they include quotes from the PLA regarding "pricing terms, royalty rates, and guaranteed minimum payment terms." *In re Elect. Arts, Inc.*, 298 Fed. App'x at 569. Indeed, in a previous sealing order, the Court concluded that these terms were sealable. *See* ECF No. 45. Therefore, the text on page 2, lines 10 and 24 in Microsoft's opposition are sealable. The Court notes, however, that the public version of Microsoft's opposition is redacted in its entirety. *See* ECF No. 250. By Thursday, August 27, 2020, Microsoft shall file the properly redacted version of its opposition on the public docket.

The Court holds that Exhibits 2–6 of the Second Banks Declaration are not sealable in their entirety. Exhibits 2–6 include emails between Hon Hai employees and Microsoft employees and the attached 2013 and 2014 royalty reports from Hon Hai. The Court agrees that the email attachments—that is, Hon Hai's 2013 and 2014 royalty reports—are sealable in their entirety. *In re Elect. Arts, Inc.*, 298 Fed. App'x at 569. However, it is not clear whether all of the actual emails are sealable. Microsoft notes that the emails are marked Confidential under the protective order, ECF No. 249 at 3, but as noted previously, Civil Local Rule 79-5(d)(1)(A) explains that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."

Therefore, though portions of Exhibits 2–6 (namely, the 2013 and 2014 royalty reports) are sealable, Microsoft has not adequately explained why Exhibits 2–6 should be sealed in their entirety. Microsoft must explain why Exhibits 2–6 are sealable in their entirety or make narrowly tailored sealing requests as to Exhibits 2–6.

Accordingly, the Court GRANTS in part and DENIES in part Microsoft's motion to seal portions of its opposition and Exhibits 2–6 to the Second Banks Declaration. ECF No. 249. The Court's denial of Microsoft's administrative motion is without prejudice. Microsoft shall file a renewed administrative motion to seal by Thursday, August 27, 2020.

**D. Hon Hai's Motion to Seal Portions of Its Opposition and Exhibits 1–4, 6–8, and 16 In Support Thereof (ECF No. 251)**

The Court now turns to Hon Hai's motion to seal portions of its opposition and Exhibits 1–4, 6–8, and 16 in support thereof. ECF No. 251.

The Court holds that portions of Hon Hai's opposition are sealable. Specifically, Hon Hai requests to seal page 7, line 17; page 18, lines 4–5, 9; and page 19, line 15 of its opposition because those portions of Hon Hai's opposition recite damages figures based on pricing terms, royalty rates, and accrued interest. Because Hon Hai's request is narrowly tailored and the information sought to be sealed is sealable, Hon Hai's opposition is sealable in the manner requested by Hon Hai.

The Court holds that Exhibit 1 is not sealable in its entirety. Exhibit 1 contains six pages of excerpts of written depositions responses from Hon Hai's 30(b)(6) witness, Justin Huang. Some portions of the excerpts discuss confidential information regarding Hon Hai and its subsidiaries' internal business operations, which this Court has noted is sealable. *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013). Additionally, the excerpts also discuss obligations and information regarding particular named Hon Hai customers, which are also sealable. *See Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (sealing information associating identified customers with particular pricing rates or other financial terms); *cf. In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 159 (N.D. Cal. 1992) (entering a protective order over "information specifically setting forth royalties received or to be received by Adobe from identified customers"). However, Exhibit 1 contains six pages, and it is unclear whether all of the information in those six pages is sealable. It is insufficient that these excerpts were labeled confidential. If Hon Hai seeks to redact Exhibit 1 in its entirety, Hon Hai must adequately explain why all of the information in Exhibit 1 is sealable. Alternatively, Hon Hai may make narrowly tailored sealing requests as to Exhibit 1.

The Court holds that Exhibits 2–4 are not sealable in their entirety. Exhibits 2–4 are licensing agreements between Microsoft and Open Invention Network ("OIN") and between

1  subsidiaries of Hon Hai and OIN. As the Court previously noted when denying Microsoft's
2  request to seal these same documents in their entirety, Exhibits 2–4 may indeed contain sealable
3  proprietary information. Nonetheless, Hon Hai has not narrowly tailored its sealing requests.
4  Indeed, Hon Hai's opposition points to provisions in these agreements and includes unredacted
5  quotes from these agreements. ECF No. 252 ("Hon Hai Opp.") at 8–9. Therefore, though
6  portions of Exhibits 2–4 may indeed be sealable, Exhibits 2–4 should not be sealed in their
7  entirety. Hon Hai must make narrowly tailored sealing requests as to Exhibits 2–4 and explain
8  why these portions are sealable.

9        The Court holds that Exhibit 6 is not sealable in its entirety. Exhibit 6 is an agreement
10  between OIN and Microsoft. Hon Hai's only argument is that Microsoft designated Exhibit 6
11  confidential, ECF No. 251 at 3, but Hon Hai must include additional information indicating why
12  Exhibit 6 is sealable in its entirety or which portions of Exhibit 6 are sealable and why.

13        The Court holds that Exhibit 7 is not sealable in its entirety. Exhibit 7 contains excerpts of
14  a draft version of the PLA. As the Court previously concluded in a prior order regarding a draft
15  version of the PLA, "[s]uch a request is clearly overbroad" because the draft version of the PLA
16  includes "swaths of non-sealable material," including "definitions of generic terms and
17  introductory sentences." ECF No. 150 at 3–4. Therefore, Hon Hai has not demonstrated that
18  Exhibit 7 is sealable in its entirety. Hon Hai must narrowly tailor its sealing requests and explain
19  why certain portions of Exhibit 7 are sealable.

20        The Court holds that Exhibit 8 is not sealable in its entirety. Exhibit 8 contains nine pages
21  of excerpts from Hon Hai's interrogatory responses. Though Exhibit 8 may contain sealable
22  information regarding the parties' licensing and sales information—such as the identities of
23  customers and pricing information—not everything in Exhibit 8 constitutes this type of sealable
24  information. For example, Exhibit 8 includes broad information about Microsoft's agreement
25  with OIN, ECF No. 251-12 at 5–6, which the parties discuss unredacted and at length in their
26  motion for summary judgment briefing. Exhibit 8 also discusses provisions of the PLA that
27  appear unredacted in the parties' briefing. *Id*. at 4, 7, 9. Therefore, Hon Hai's request to seal

28

1  Exhibit 8 in its entirety is not narrowly tailored. Hon Hai must narrowly tailor its sealing requests
2  and explain why specific portions of Exhibit 8 are sealable.
3  Finally, the Court holds that Exhibit 16 should be sealed in its entirety. Exhibit 16 is a
4  one-page excerpt from Microsoft's damages expert's supplemental expert report. It is the same
5  document as Exhibit 3 to Hon Hai's motion for partial summary judgment. *See* ECF No. 243-8.
6  As the Court explained, Exhibit 16 contains a single table replete with confidential trade secret
7  information concerning royalty rates and pricing terms. As a result, the Court holds that Exhibit
8  16 is sealable in its entirety. *In re Elec. Arts, Inc.*, 298 Fed. App'x at 569 (deeming "pricing
9  terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements
10 sealable trade secrets).
11 Accordingly, the Court GRANTS in part and DENIES in part Hon Hai's motion to seal
12 portions of its opposition and Exhibits 1–4, 6–8, and 16 in support thereof. ECF No. 251. The
13 Court's denial of Hon Hai's administrative motion is without prejudice. HonHai shall file a
14 renewed administrative motion to seal by Thursday, August 27, 2020.

**E. Microsoft's Motion to Seal Portions of Its Reply (ECF No. 256)**

16 Finally, the Court addresses Microsoft's motion to seal page 6, line 28 of its reply. ECF
17 No. 256. This portion of Microsoft's reply is a confidential calculation of potential damages based
18 on royalty rates and pricing terms. This is the same figure that the Court permitted Microsoft to
19 seal in its motion for summary judgment as such proprietary information is sealable and Microsoft
20 made a narrowly tailored request. *See* ECF No. 244. Accordingly, page 6 line 28 of Microsoft's
21 reply is sealable.
22 The Court therefore GRANTS Microsoft's motion to seal page 6, line 28 of its reply. ECF
23 No. 256. The Court notes, however, that the public version of Microsoft's reply is redacted in its
24 entirety. *See* ECF No. 257. By Thursday, August 27, 2020, Microsoft shall file the properly
25 redacted version of its reply on the public docket.
26 In summary, the Court rules on the instant motions as follows:

| Document | Page/Line | Ruling |
|---|---|---|
| Hon Hai's MSJ | Page 2, line 19 | GRANTED. |
| Exhibit 1, Hon Hai's MSJ | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 2, Hon Hai's MSJ | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 3, Hon Hai's MSJ | ENTIRE DOCUMENT | GRANTED. |
| Microsoft's MSJ | Page iii, lines 11–12 | GRANTED. |
| Microsoft's MSJ | Page 1, line 9 | GRANTED. |
| Microsoft's MSJ | Page 1, lines 12–13 | GRANTED. |
| Microsoft's MSJ | Page 1, line 26 | GRANTED. |
| Microsoft's MSJ | Page 2, line 25 | GRANTED. |
| Microsoft's MSJ | Page 2, line 26 | GRANTED. |
| Microsoft's MSJ | Page 7, line 3 | GRANTED. |
| Microsoft's MSJ | Page 7, line 5 | GRANTED. |
| Microsoft's MSJ | Page 7, line 10 | GRANTED. |
| Microsoft's MSJ | Page 7, lines 12–13 | GRANTED. |
| Microsoft's MSJ | Page 7, line 15 | GRANTED. |
| Microsoft's MSJ | Page 9, line 26 | GRANTED. |
| Microsoft's MSJ | Page 20, line 2 | GRANTED. |
| Banks Decl. | Page 2, line 23 | GRANTED. |
| Exhibit 2, Banks Decl. | As highlighted in ECF No. 244-7 | GRANTED. |
| Exhibit 3, Banks Decl. | As highlighted in ECF No. 244-8 | GRANTED. |
| Exhibit 4, Banks Decl. | As highlighted in ECF No. 244-9 | GRANTED. |
| Exhibit 5, Banks Decl. | ENTIRE DOCUMENT | DENIED without prejudice. |

| Document | Page/Line | Ruling |
|---|---|---|
| Exhibit 6, Banks Decl. | ENTIRE DOCUMENT | DENIED without prejudice. |
| Microsoft's Opposition | Page 2, line 10 | GRANTED. |
| Microsoft's Opposition | Page 2, line 24 | GRANTED. |
| Exhibit 2, Second Banks Decl. | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 3, Second Banks Decl. | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 4, Second Banks Decl. | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 5, Second Banks Decl. | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 6, Second Banks Decl. | ENTIRE DOCUMENT | DENIED without prejudice. |
| Hon Hai's Opposition | Page 7, line 17 | GRANTED. |
| Hon Hai's Opposition | Page 18, lines 4–5 | GRANTED. |
| Hon Hai's Opposition | Page 18, line 9 | GRANTED. |
| Hon Hai's Opposition | Page 19, line 15 | GRANTED. |
| Exhibit 1, Hon Hai's Opposition | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 2, Hon Hai's Opposition | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 3, Hon Hai's Opposition | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 4, Hon Hai's Opposition | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 6, Hon Hai's Opposition | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 7, Hon Hai's Opposition | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 8, Hon Hai's Opposition | ENTIRE DOCUMENT | DENIED without prejudice. |
| Exhibit 16, Hon Hai's Opposition | ENTIRE DOCUMENT | GRANTED. |
| Microsoft's Reply | Page 6, line 28 | GRANTED. |

The Court reiterates that Microsoft's publicly filed motion for summary judgment, opposition, and reply were redacted in their entirety. Microsoft must file the narrowly redacted versions of its motion for summary judgment, opposition, and reply on the public docket by

Thursday, August 27, 2020.

Additionally, the publicly filed versions of Exhibits 2–4 of the Banks Declaration were redacted in their entirety. In the unredacted versions, however, Microsoft appeared to highlight specific portions meant to be redacted, and the Court granted Microsoft's motion as to these highlighted portions. *See* ECF Nos. 244, 244-7, 244-8, and 244-9. If Microsoft only intended to redact these highlighted portions of Exhibits 2–4, Microsoft shall file the properly redacted versions of Exhibits 2–4 on the public docket by Thursday, August 27, 2020. If Microsoft intended to redact and seal broader portions of Exhibits 2–4, Microsoft must clearly designate those portions and explain why they are sealable in its renewed administrative motion to seal.

Finally, because the Court DENIED without prejudice portions of Microsoft's and Hon Hai's administrative motions to seal, Microsoft and Hon Hai shall file renewed administrative motions to seal as to those documents by Thursday, August 27, 2020.

**IT IS SO ORDERED.**

Dated: August 20, 2020

                 *Lucy H. Koh*
LUCY H. KOH
United States District Judge